KENEFICK-HAMMOND COMPANY *v.* ROHR.

Opinion delivered December 16, 1905.

1. MASTER AND SERVANT—RISKS ASSUMED.—In an action against an employer for personal injuries of an employee caused by the negligence of co-employee, the court instructed the jury that "the true inquiry in each case is, was the accident one of the natural and normal risks in the ordinary course of business? If so, then there is no common-law liability on the part of the employer; if not, there is such liability." *Held* vague and misleading. (Page 292.)

2. TRIAL—REFUSAL TO INSTRUCT.—It was error, in a proper case, to refuse to instruct the jury as to who were fellow-servants. (Page 292.)

3. FELLOW SERVANTS—DEFINITION.—At common law persons employed by the same master to accomplish one common object, and so related in their labors performed in the service of the master as ordinarily to be exposed to injuries caused by each other's negligence, are fellow-servants. (Page 293.)

4. MASTER AND SERVANT—REASONABLENESS OF RULES.—Whether a rule or regulation adopted by a master for the protection of his servants was reasonable and sufficient was a question of law to be decided by the court, and not by the jury. (Page 294.)

Appeal from Boone Circuit Court; ELBRIDGE G. MITCHELL, Judge; reversed.

*Pace & Pace,* for appellant.

1. Appellee assumed the ordinary risks of the employment. 56 Ark. 237; 48 Ark. 346; 39 Ark. 38; 63 N. Y. 452; 54 Ark. 389; 61 C. C. A. 483; 68 Ark. 319; 65 *Id.* 98; 44 *Id.* 301; 57 *Id.* 78; 55 *Id.* 483; 53 *Id.* 128; 46 *Id.* 388; 152 U. S. 150; 135 *Id.*

570; 48 C. C. A. 508; 102 Mass. 572; 25 N. Y. 568; 63 N. Y. 452; 101 *Id.* 520.

2.    If the warning was not given, it was the negligence of a fellow-servant, and appellant was not liable.    42 Ark. 420; 61 Ark. 302; 54 *Id.* 289; 58 *Id.* 339; 51 *Id.* 476; 58 *Id.* 296; 46 *Id.* 568; 109 U. S. 478.

3.    The court erred in its instructions as to fellow-servants, and as to the sufficiency of the rules and regulations provided for the safety of employees.

*J. W. Story,* for appellee.

1.    It was the duty of appellant to provide appellee a reasonably safe place to work, and to maintain it in a reasonably safe condition while he was there employed.    48 Ark. 333; 54 *Id.* 292; 56 *Id.* 232; 70 Ark. 295; 57 Ark. 377; 123 Mo. 221; 2 Jaggard on Torts, 1002-3.

2.    The servant assumes only such risks as he knows to exist, or may know by ordinary care.    67 Ark. 209; 54 *Id.* 292; 33 S. W. 334; 66 Tex. 732; 79 Wis. 634; 132 N. Y. 228; 50 S. W. 417.

BATTLE, J.    Louis Rohr sued Kenefick-Hammond Company for damages on account of personal injuries caused by a blast and received by him.    Sometime in June, 1903, defendant was engaged in constructing a railway through Boone County, in this State, for the St. Louis, Iron Mountain & Southern Railway Company.    Plaintiff was in its employment.    At the particular place where he received the injuries of which he complains, construction work was being done on the line of the road, which ran along the side of a mountain about 250 yards from the valley below.    Laborers in the employment of the defendant were engaged in making a cut.    Two sets of men were drilling holes into the earth and rock for the reception of powder for blasting. A portable boiler was used to furnish steam to operate the drills. It was stationed in the valley about 250 yards from the drills; and plaintiff and an assistant operated the same.    On account of the character of the ground, trees and underbrush intervening, plaintiff at the boiler and the men at the drills could not see each other.    When a drill hole was finished, Mike Moraierty, one of the defendant's employees, charged it with powder, and he

testified that he then hallooed "Fire!" as a signal to those at the boiler that the blast was about to be fired. But plaintiff testified that he never heard it. Anyhow, rules and regulations were adopted requiring it to be given for the protection of those at the boiler, and to allow them time to get out of danger; and it was the duty of Moraierty to give it in such a manner as it would be heard. Be this as it may, the blast was fired, and the plaintiff was injured by rocks thrown upon him by the explosion. Upon these facts the jury impaneled to try the issues in this case returned a verdict in favor of the plaintiff, and the defendant appealed.

In many of the instructions given by the court, the jury were told that the appellee was not entitled to recover if his injuries were caused by the negligence of a fellow-servant, but failed to tell them what is necessary to constitute a fellow-servant in cases like this, except as follows:

"In determining who are fellow-servants, I instruct you that the true inquiry in each case is, was the accident one of the natural and normal risks in the ordinary course of business? If so, then there is no common-law liability on the part of the employer. If not, there is such liability, and the inquiry, except as it bears on the evidence in this case, is not one of grades and departments."

This instruction was given over the objections of the appellant. It is vague, and should not have been given.

In instructions given as to the right of appellee to recover on account of injuries caused by the negligence of fellow-servants the jury were left to decide who are such persons. The court erred in so doing. Appellant requested an instruction upon this subject, and the court is not excusable for overlooking the same.

Inasmuch as this cause will be remanded, we will undertake to show who are fellow-servants in cases like this. In *Railway Company v. Triplett*, 54 Ark. 289, 296, the court, in speaking of this class of persons and the risks assumed by a servant and for which the master is not liable, said: "The true reason on which the rule is based, as shown by the great weight of authority, is that a person who voluntarily engages in the service of another presumably assumes all the risk ordinarily incident to that service, and fixes his compensation with a view to such risks.  *  *  *  If this be the principle underlying the rule, it would seem

that the question which forms a test in any case is one of risk. And that where one servant is shown to have been injured by another, the question is, not whether the two servants were fellow-servants in any technical sense of the term, but *whether the injury was within the risk ordinarily incident to the service undertaken.*"

According to *Railway Company* v. *Triplett, supra,* persons employed by the same master to accomplish one common object and so related in their labors performed in the service of the master as ordinarily to be exposed to injuries caused by each other's negligence are fellow-servants. There are still such persons under the laws of this State in cases in which the statutes have not defined who they are. For a further discussion of this subject, see *Railway Company* v. *Triplett, supra; St. Louis Southwestern Railway Company* v. *Henson,* 61 Ark. 302; *St. Louis, Iron Mountain & Southern Railway Co.* v. *Brown,* 67 Ark. 295, 302.

The court further instructed the jury, in part, over the objections of the appellant, as follows:

"I instruct you that if you find from a preponderance of the evidence that the defendants, Kenefick and Hammond, placed the plaintiff, Louis Rohr, at the boiler as proved, and that while he was engaged in the labors they caused, through other laborers in their employment, an explosion of powder in a hole drilled for that purpose, and that he did not know of, and could not have known of, the existence of the intended explosion, and that they did not provide for him an adequate and sufficient warning, and that he was not warned, and that by reason of the failure to so warn him he was injured by the explosion, then I instruct you that the defendants, Kenefick and Hammond, had not provided for the plaintiff a reasonably safe place; and if you so find, your verdict will be for the plaintiff. You will so find, even if you find that another employee did not do his full duty, and this employee was a fellow-servant with plaintiff."

In *Railway Company* v. *Triplett,* 54 Ark. 299, it was held that a master may adopt such rules and regulations for the protection of his servants as would be sufficient for that purpose when faithfully observed by his employees, and when the circumstances are such that a reasonably prudent person might rely

upon rules and regulations to afford protection; and that if he "sees proper to rely upon such methods of protection to his servants, and the occasion demands it, he should also adopt such measures as may be reasonably necessary to secure the observance of such rules."

In the case at bar, the master adopted a rule or regulation for the protection of his servants by requiring a certain signal to be given in time to warn. Whether it was reasonable and sufficient was a question of law to be decided by the court, and not by the jury. *Railway* v. *Adcock,* 52 Ark. 406; *Railway Co.* v. *Hardy,* 55 Ark. 134; *Railway Co.* v. *Hammond,* 58 Ark. 324; *Western Union Telegraph Co.* v. *Love Banks Co.,* 73 Ark. 205, 208; *Little Rock & M. Railway Co.* v. *Barry,* 84 Fed. Rep. 944. But the court, in instructing the jury as before stated, left them to decide whether the rule adopted was sufficient. In this the court erred.

Reverse for the errors indicated, and remand for a new trial.