SNELLEN *v.* KANSAS CITY SOUTHERN RAILWAY COMPANY.

Opinion delivered April 15, 1907.

1. STATUTE—ADOPTED CONSTRUCTION.—Where the statute law of one State is adopted in another State or Territory, the construction which the courts of that State have previously placed upon it is also adopted. (Page 337.)

2.  MASTER AND SERVANT—DOCTRINE OF FELLOW SERVANTS.—Prior to the
    Fellow Servants' Act of May 2, 1890, it was the established rule in
    this State that car repairers and brakemen were fellow servants,
    being employed by the same master to accomplish one common
    object and so related in the labors performed in the service of the
    master as ordinarily to be exposed to injuries caused by each other's
    negligence.   (Page 337.)
3.  TRIAL—DIRECTING VERDICT.—Where, in an action against a master for
    the negligent death of a servant, there was no testimony showing
    that the master was negligent in causing the servant's death, and
    there was evidence showing contributory negligence on the servant's
    part, it was not error to direct a verdict for the defendant.  (Page
    338.)

Appeal from Sebastian Circuit Court, Ft. Smith District;
*Styles T. Rowe,* Judge; affirmed.

*Sam R. Chew,* for appellant.

1. The court erred in directing a verdict for the defend-
ant. There was some evidence, legally sufficient, to support a
finding that appellee knew of the perilous position of deceased,
before and at the time of the injury.

That it is the duty of a railroad company to exercise
ordinary and reasonable care to avoid injuring persons on its
tracks, is true even in case of trespassers on the track. 74
Ark. 407 and authorities cited; 96 S. W. 976. And this duty
is even stronger and clearer in regard to employees working
upon the track. 2 Thompson, Neg. § 1735; 5 L. R. A. 786;
66 S. W. 1111.

2. It is true that deceased, in accepting the employment,
assumed the risks ordinarily incident thereto, but he did not
assume the risk of accidents due to the master's negligence. The
company owed him the duty to give timely warning of approach-
ing danger.

*Read & McDonough,* for appellant.

Snellen did assume the risk of the negligence of fellow
servants, and this court holds that a brakeman and a car in-
spector are fellow servants. 46 Ark. 555; 42 Ark. 417; 51 Ark.
467; 58 Ark. 206; 61 Ark. 302; 45 Ark. 318. When Congress
extended over the Indian Territory the common law as con-
strued in this State, of which act this court will take judicial
knowledge, the act of Congress adopted the construction which

the courts of this State placed upon the law. 54 Ark. 617; 67 Ark. 301. The accident in this case occurred in the Indian Territory, and there deceased and Tuttle and Smith were fellow servants. 175 U. S. 323; 154 U. S. 344; 160 U. S. 529; 162 U. S. 346; 165 U. S. 363; 167 U. S. 48; 126 Fed. 495.

McCULLOCH, J. This is an action against appellee railroad company to recover damages for the death of John B. Snellen, one of its employees, alleged to have been caused by the negligence of its servants.

Snellen was employed as assistant car inspector and repairer at Stillwell, Indian Territory, where he was at work when he was killed. He was an inspector, primarily, and incidentally a car repairer, his main duties being to inspect cars in the yards and, when found slightly out of repair, to repair them on a track set apart in the yards for that purpose. He was at work under the end of a car situated on what is called the "dining-car track," and another car—a caboose—stood on the same track in about eight feet of the car on which he was at work. He was in a stooping position under the end of the car next to the caboose when an engine with cars attached, which was switching in the yards, came in on the track and struck the caboose, pushed it back against the other car, and crushed him to death.

The rules of the company required those engaged in repairing cars on the track to display a blue flag as a warning on the car being repaired, and it was the duty of Snellen to do this, but he failed to do so. There was another track used exclusively as a repair track, and it was against the rules for a repairer to work on a car on any track except the repair track, without instuctions from the foreman or chief inspector. No instructions were given to Snellen to work on the car while on the dining-car track, and he did so of his own accord.

Negligence, if any other than on the part of Snellen himself, existed only on the part of Tuttle, a brakeman, who opened the switch which let the engine in on the track where Snellen was at work. The signal to open the switch was given by Smith, another brakeman. It is not claimed that Smith knew or had any means of knowing that Snellen was at work under the car, but there was some evidence tending to show that

Tuttle saw him at work under the car a few minutes before he threw the switch. Was the company liable for the negligence of Tuttle, the brakeman?

The court gave a peremptory instruction to the jury to return a verdict in favor of the defendant, so we have only to determine whether or not there was evidence, sufficient to go to the jury, of negligence on the part of servants of the company for whose acts it was responsible.

The accident occurred in the Indian Territory where the Congress of the United State had by an act approved May 2, 1890, put in force chapter 20 of Mansfield's Digest of the Statutes of Arkansas, which provided that the common law of England, so far as applicable, and of a general nature, should be the rule of decision in this State, unless altered or repealed by the General Assembly. *St. Louis, I. M. & So. Ry. Co.* v. *Brown,* 67 Ark. 295.

According to well-established canons of construction, where the statute law of one State is adopted in another State or Territory, it adopts the construction which the courts of that State placed upon it.

The decisions of this court rendered prior to May 2, 1890, which was prior to the passage of the railroad fellow servant law in this State, established the rule that makes Snellen, the car inspector or repairer, and Tuttle, the brakeman, fellow servants. *St. Louis, I. M. & So. Railway Co.* v. *Rice,* 51 Ark. 467; *St. L., I. M. & Co. Ry. Co.* v. *Gaines,* 46 Ark. 555; *St. Louis, I. M. & So. Railway Co.* v. *Shackelford,* 42 Ark. 417. And the decisions of this court since then reaffirm that rule. *Railway Co.* v. *Triplett,* 54 Ark. 299; *St. Louis S. W. Ry. Co.* v. *Henson,* 61 Ark. 302; *St. Louis, I. M. & So. Railway Co.* v. *Brown,* 67 Ark. 295; *Kenefick-Hammond Co.* v. *Rohr,* 77 Ark. 290.

The definition of fellow servants is stated in those decisions to be "persons employed by the same master to accomplish one common object, and so related in their labor performed in the service of the master as ordinarily to be exposed to injuries caused by each other's negligence."

The following decisions of the Supreme Court of the United States also sustain the view that Snellen and the

brakeman were fellow servants. *Northern Pac. Railroad Co.*
v. *Hambly,* 154 U. S. 344; *New England Railroad* v. *Conroy,*
175 U. S. 323, and cases there cited.

The evidence in this case shows that the duties of Snellen
were to inspect and repair cars on the tracks at Stillwell, and
that it was a part of the duties of Tuttle and the other men
of his crew to switch cars from one track to another in the
yard. This made them all fellow servants within the definition
and the rule announced by the court in cases cited above. The
company was, therefore, not responsible to one for injuries sus-
tained by reason of the negligence of the others.

There was no testimony introduced tending to show that
the company was negligent in any particular. It formulated
and put in force appropriate and efficient rules, which, if ob-
served by the various employees, were sufficient to protect them
from danger while at work. Nor was there any evidence, as
in the Triplett case, *supra,* of negligence of the company or
those of its servants in authority, in failing to enforce the
rules. No one in authority was shown to have known of the
perilous position of Snellen. Nothing appears whereby the com-
pany can be said to have been at fault. The trial court was
therefore correct in giving the peremptory instruction.

The undisputed testimony establishing contributory negli-
gence on the part of Snellen also justified the court in giving
the peremptory instruction. He was guilty of negligence in
attempting to repair the car without permission of the foreman
or chief inspector, while on the dining-car track, and also in
attempting to do so without displaying the blue flag of warning.
Conceding that Tuttle had notice of his position of danger, still,
if he had displayed the danger signal, it could have been ob-
served by the engineer and by Smith, the other brakeman, who
gave the signal to let the engine in on the track where Snellen
was at work.

Affirmed.