St. Louis Southwestern Railway Company v. Russell.

Opinion delivered June 29, 1914.

1. STATUTES—ADOPTED CONSTRUCTION.—Where the Legislature adopts a statute of another State which has been construed by the courts of that State, it will be held that that interpretation was also adopted. (Page 555.)

2. DEFINITIONS—"PERMIT"—JOHNSON GRASS.—The word "permit" as used in section 2, Act 46, Acts 1909, making a railroad company liable for damages resulting from permitting Johnson grass to go to seed on its right-of-way, held, to mean "to allow or suffer," and that it implies that the owner did not attempt to prevent the Johnson grass from maturing and going to seed. (Page 555.)

3.  JOHNSON GRASS—PERMITTING SAME TO GO TO SEED—LIABILITY OF RAIL-
    ROAD COMPANY.—Evidence held sufficient to show that defendant
    railroad company permitted Johnson grass to go to seed on its
    right-of-way, causing damage to plaintiff's land adjoining, within
    Act 46, Acts 1909.   (Page 555.)

Appeal from Lafayette Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*S. H. West* and *Gaughan & Sifford,* for appellant.

This suit is based on section 2, Act 46, Acts 1909, page 103. This is an exact copy of the Texas statute construed in 87 S. W. Rep. 1144. When the Legislature adopts a statute of another State which has been construed by the courts of that State, the interpretation also is adopted. 78 Ark. 346; 98 *Id.* 125; 104 *Id.* 417; 82 *Id.* 334. Where a land owner permits Johnson grass to grow on his own land he can not recover.

*G. C. Russell* and *Webber & Webber,* for appellee.

There is no evidence that the Russells "*permitted*" any Johnson grass to go to seed on their lands. The Texas act was construed in 120 S. W. 930; see 87 S. W. 1144; 91 *Id.* 328; 101 *Id.* 1080; 109 *Id.* 984; 134 *Id.* 280; 109 *Id.* 984. Under these decisions the judgment is right and should be affirmed.

HART, J. Appellees instituted this action in the circuit court against appellant, and in their complaint alleged that appellant permitted Johnson grass to go to seed on its right-of-way so that ninety acres of their land adjoining the right-of-way of the railway company became sodded and implanted in Johnson grass, to their damage in the sum of $2,700. In addition they sued for $25 statutory damage. Appellant answered, denying the allegations of the complaint, and alleged that if appellees' land did become sodded and implanted with Johnson grass, appellees permitted Johnson grass to grow and mature on their own lands. At the conclusion of the testimony, the court instructed the jury to return a verdict for appellees in the sum of $25, which was done. From the judgment rendered, appellant has duly prosecuted an appeal to this court.

The suit is based on section 2 of Act No. 46 of the acts of the Legislature of the year 1909. It is as follows: "If it shall appear upon the suit of any person owning, leasing or controlling land contiguous to the right-of-way of any such railroad or railway company, or corporation, that said railway or railroad company, or corporation, has permitted any Johnson grass or Russian thistle to mature or go to seed upon their right-of-way, such person so suing shall recover from such railroad or railway company or corporation, the sum of twenty-five ($25) dollars, and any such additional sum as he may have been damaged by reason of such railroad or railway company or corporation permitting Johnson grass or Russian thistle to mature or go to seed upon their right-of-way.

"Provided, any owner of land or any person controlling land contiguous to the right-of-way of any such railroad or railway company or corporation company, who permits any Johnson grass or Russian thistle to mature or go to seed upon said land, shall have no right to recover from such railroad or railway company, or corporation, as provided for in this act." Acts of 1909, page 102.

The act in question is an exact copy of one passed by the Legislature of the State of Texas. See Session Laws of Texas of 1901, page 283. The Texas act was construed by the Supreme Court of Texas on June 19, 1905, in the case of the *San Antonio & A. P. Ry. Co.* v. *Burns,* 87 S. W. 1144. The court held:

"Laws 1901, page 283, chapter 117, provides that one owning, leasing, etc., land contiguous to the right-of-way of a railroad, which has permitted any Johnson grass or Russian thistle to mature or go to seed on its right-of-way, shall be entitled to recover damages occasioned by reason of such grass, provided that any owner, etc., who permits any such grass or thistle to mature or go to seed upon the land shall have no right to recover. *Held,* that where Johnson grass was communicated to land from a railroad right-of-way, but the owner permits

it to mature and go to seed thereon, he can not recover from the railroad." See also *Doeppenschmidt* v. *I. & G. N. Ry. Co.*, 101 S. W. (Supreme Court of Texas) 1080. This case was decided May 8, 1907.

It is well settled in this State that where the Legislature adopts a statute of another State which has been construed by the courts of that State it will be taken that this interpretation was also adopted. *State* v. *Arkansas Brick & Mfg. Co.*, 98 Ark. 125; *McNutt* v. *McNutt*, 78 Ark. 346; *Knights of Maccabees* v. *Anderson*, 104 Ark. 417; *Snellen* v. *K. C. So. Ry. Co.*, 82 Ark. 334. Therefore, it is contended by counsel for appellant that the evidence in this case shows that appellees permitted Johnson grass to mature and go to seed upon their land and that they have no right to recover in this action. We think, however, the undisputed testimony shows that appellees did not permit Johnson grass to mature and go to seed on their land within the meaning of the statute. The word "permit," as used in the statute, means to allow or suffer. It implies that the owner did not attempt to prevent the Johnson grass from maturing and going to seed. The evidence for appellees shows that they did not discover Johnson grass on their land until the year 1910; that during that year and the year 1911 they persistently cultivated the land and tried to keep the Johnson grass from maturing and going to seed; that some of it might have gone to seed, but that if it did so it was in spite of their efforts to prevent it. We may assume that the action of the court in directing a verdict for appellees was based upon this testimony. The evidence shows that appellant permitted the Johnson grass to mature and go to seed on its right-of-way during the years 1910 and 1911, and that during these years appellees made every effort to prevent it from maturing and going to seed on their land, to which it had spread from the right-of-way of the appellant railroad company. See *I. & G. N. Ry. Co.* v. *Voss*, 109 S. W.

(Texas Civil Appeals) 984; *M., K. & T. Ry.* v. *Tolbert,* 134 S. W. (Texas Civil Appeals) 280.

It follows that the judgment must be affirmed.