UNION COMPRESS COMPANY *v.* NUNNALLY.

Opinion delivered December 16, 1899.

1. BAILMENT—NEGLIGENCE.—A compress company is liable for want of care in keeping cotton stored with it for compression if it expected either to charge storage for the cotton or to get compensation for keeping same in the way of charges for compression.  (Page 286.)

2. SAME.—When a bailment is reciprocally beneficial to each party, the bailee is answerable for want of ordinary care.  (Page 287.)

Appeal from Miller Circuit Court.

JOEL D. CONWAY, Judge.

STATEMENT BY THE COURT.

Appellee seeks by this action to recover for damage to sixty bales of cotton, which, he alleged, were delivered to appellant in December, 1896, to be taken care of and safely and securely kept for plaintiff.  It is alleged that the damage was occasioned by the cotton being left on the platform of appellant unsheltered and exposed to the rain for a period of six months.  The damage was laid at $1,000.

The answer denied negligence and liability, and any damage to plaintiff, and denied that defendant was engaged in the business of receiving cotton on storage.  It alleged that defendant had no facilities for such business, and had not held itself out as engaged in any such business, but that its sole business was compressing cotton; that plaintiff was not charged anything for storage on cotton, nor did it contract to store said cotton under cover of shelter; that, had defendant been authorized to compress said cotton, in due course of business after arrival and delivery the cotton would have been compressed in two or three days after arrival; that if any damage occurred to plaintiff, it was produced by his own neglect in neglecting to have said cotton compressed and disposed of.  It alleged that the plaintiff had allowed said cotton to remain upon said platform, the same having been as other cotton delivered and placed upon its open

platforms; that he neglected to notify it to compress same; and that, if said cotton was damaged, this was because said cotton was left on its platforms for an unreasonable time.    The appeal is from a judgment for $524.70.

The instructions given by the court were as follows:

"First.    If you believe from the evidence that the plaintiff, S. H. Nunnally, shipped the sixty bales of cotton in controversy to the defendant, Union Compress Company, under an express or implied contract to pay the usual customary storage charges thereon, then the said defendant was bound to take such care of said cotton as a prudent person would take of his own cotton so as to protect it from injury by rain and weather, notwithstanding you may further find from the evidence that defendant declined to demand or receive any charge for storing or handling said cotton when it was turned over to plaintiff."

"Second.    If you believe from the evidence that the plaintiff, Nunnally, shipped to the defendant, Union Compress Company, the sixty bales of cotton in controversy without any understanding or agreement between the parties as to the charges thereon, and that the defendant received and receipted for said cotton, expected and intended to compress same, and make the usual charge for such compression, then the defendant was bound to take the same care usually exercised by a prudent person in caring for his own property of similar kind and situation."

"Third.    The jury are instructed that a bailee without hire is responsible only for fraudulent or gross neglect, and in this case, unless the jury find that the defendant was a bailee for hire, they will find for the defendant.

"Fourth.    The bare delivery of property by one person to another for keeping, and damage thereto while in the bailee's hand, are not sufficient for a recovery of said damage by the bailor.    But, to enable the bailor to recover, it must appear from a preponderance of evidence that there was a contract of bailment, either express or implied, whereby the bailee should be paid for his services as bailee, and further that said bailee was guilty of negligence as to the property placed in his charge, whereby said property was damaged."

"Fifth. Before the jury can find for the plaintiff, they must find from a preponderance of the evidence that there was a contract, express or implied, between the plaintiff and defendant that for a consideration moving from the plaintiff to the defendant said defendant was to receive and safely keep said sixty bales of cotton, and unless they so find their verdict should be for defendant."

Objection is urged here only to the first and second of the above instructions.

*Morris M. Cohn*, for appellant; *Scott & Jones*, of counsel.

Appellee knew the character of appellant's business and the facilities it had for storage, and his loss is the result of his own fault. 61 Am. Dec. 234–6; Wade, Notice, § 8; 23 Ark. 735, 744, 745. There was no understanding or contract between the parties as to charges. Both parties must agree to a contract.. Wald's Poll. Cont. 2a; 2 App. Cas. 666, 692; 46 N. Y. 467, 469–470; 17 Ark. 78; 5 Ark. 256, 258; 11 Ark. 689, 690.

*Williams & Arnold*, for appellee.

The evidence sustains the verdict. 23 Ark. 61. The bailment was for hire, and appellant was bound to use the same care and attention with respect to its keeping as a reasonably prudent man would bestow upon his own property of the same kind and similarily situated. 61 Ark. 302; 127 N. Y. 500; 3 Am. & Eng. Enc. Law (2 Ed.) 746[2]; 52 Ark. 364. Even a gratuitous bailee is liable for gross negligence. 61 Ark. 302; 23 Ark. 61.

WOOD, J., (after stating the facts.) There was evidence from which the jury might have concluded that the compress company received the cotton, and expected to charge storage for same. There was also proof to justify the conclusion that the compress company received the cotton with the expectation of getting its compensation for keeping same in the way of charges for compressing. In either event, the appellant would be a bailee for hire. We will not discuss the evidence in detail, but a finding that the compress company was not a gratuitous bailee is certainly abundantly supported by the evidence.

The bailment was reciprocally beneficial to the bailee and bailor, and the bailee was answerable for a want of ordinary care, or for ordinary neglect. *St. Louis S. W. Ry. Co.* v. *Henson*, 61 Ark. 302; 3 Am. & Eng. Enc. Law, p. 746.

The instructions were warranted by the proof, and they are substantially correct. They at least contain no error prejudicial to appellant. The judgment is affirmed.