## VOGEL & SON v. BRAUDRICK.

No. 255.    Opinion Filed November 11, 1909.

(105 Pac. 197.)

**BAILMENT—Bailee For Hire.** Where the keeper of a cotton yard received 10 cents for weighing each bale and 15 cents for hauling the same to the railway station for shipment, and it was the custom of said keeper to keep said cotton in said yard between the time of weighing it and hauling it for shipment, such keeping being a necessary incident of the business in which the keeper makes a profit constitutes him a bailee for hire, although he may not have received any compensation for the actual storage.

(Syllabus by the Court.)

*Error from District Court, Coal County; A. T. West, Judge.*

Action by Vogel & Son against T. L. Braudrick. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

*Fooshee & Brunson,* for plaintiffs in error.—Citing: *Union Compress Co. v. Nunally,* 67 Ark. 284; *Railway Co. v. Henson,* 61 Ark. 302; *McTombler v. Koelling* (Ark.) 27 L. R. A. 502; *Prince v. State Fair* (Ala.) 28 L. R. A. 716; *Bunnell v. Stern* (N. Y.) 10 L. R. A. 480; *Woodruff v. Painter* (Pa.) 16 L. R. A. 450.

*Cutler & Trice,* for defendant in error.

KANE, C. J.   This was an action, commenced by the plaintiffs in error, plaintiffs below, before the United States commissioner of the Atoka-Coalgate division of the Central district of the Indian Territory, against the defendant in error, defendant below to recover a certain bale of cotton, or the value thereof, weighing 572 pounds, of the value of $60.06.   There was judgment for the plaintiffs before the commissioner, and the defendant appealed to the United States District Court for the Central District of the Indian Territory, where the case was tried before the court and a jury and resulted in a verdict for the defendant, upon which judgment was duly entered.   To reverse this judgment the plaintiffs in the case originally commenced this proceeding in error in this court.

The evidence shows:   That the plaintiffs were in the mercantile business at Owl, Ind. T.; that the defendant was a cotton weigher and had a cotton yard at the same place; that the plaintiffs purchased a number of bales of cotton during the cotton season of 1905-06 and placed them in the cotton yard of the defendant; that the cotton over which this controversy arose, according to the contention of the plaintiffs, consisted of 24 bales, which they claim to have delivered to the defendant, and he insists that he only received 23 bales from them.   The defendant contended that he returned all the cotton placed with him.   This was the particular issue of fact presented by the pleadings and the proof.   The uncontradicted evidence introduced to establish the relation existing between the parties was to the effect that the defendant received 25 cents for each bale of cotton that went through his yard, 10 cents for weighing and 15 cents for delivering it to the station.   Of tl·· sum, the farmer who raised the cotton contributed 10 cents and the purchaser, or middleman, 15 cents.   The defendant testified as follows:

"Q. Were you paid for that service of weighing the cotton? A. Yes, I was paid.   Q. How much did you get for weighing each bale of cotton?   A. I got 10 cents, and 15 cents for hauling.   I got a quarter out of the purchaser; he taking a dime from the farmer. Q. Were you paid anything for yardage or storage, or anything

like that? A. No, sir. Q. You asked nothing and received nothing? A. No, sir.

Upon this evidence the court instructed the jury as follows:

"If a person deposits goods, chattels, or personal property with another, and in this case there were various bales of cotton, and the defendant was the custodian or bailee, and that said defendant herein, as bailee, did not make any charge, but simply retained the said property to be delivered upon the demand of the plaintiff without any charge for such duties as custodian, then he is a bailee without hire, and cannot be compelled to respond for damages or loss, unless you believe from the preponderance of the evidence that the said defendant, T. L. Braudrick, was guilty of gross negligence or willful act, the burden is on the plaintiff, and he must make out his case by a fair preponderance of the evidence."

Counsel for plaintiffs in error contend: That this instruction is erroneous, because there is no evidence in the record upon which it may properly be predicated; that the bailment in this case was for hire, although no compensation had been paid for the actual storage of the cotton, because the storage was a necessary incident of the business in which the bailee was engaged for profit. We think counsel are right in their contention. In the case of *Union Compress Company v. Nunnally,* 67 Ark. 284, 54 S. W. 872, it is held that a compress company is liable for want of care in keeping cotton stored with it for compression, if it expected either to charge storage for the cotton, or to get compensation for keeping same in the way of charges for compression. Mr. Justice Wood, in rendering the opinion of the court says:

"The bailment was reciprocally beneficial to the bailee and bailor, and the bailee was answerable for a want of ordinary care, or for ordinary neglect."

*St. Louis Southwestern Railway Company v. Henson,* 61 Ark. 302, 32 S. W. 1079, is another case in which the same principle is involved. In that case it was held that the railroad company was liable for ordinary care in carrying a boarding car from one station to another, though the company received nothing whatever for making the transfer, but that the transfer was an incident to the business of the railroad company. In rendering the opinion of the court, Mr. Justice Wood says:

Vogel & Son v. Braudrick.

"If the property of plaintiff was carried solely for the carrier's benefit, then the carrier was liable for slight negligence. If the plaintiff and the defendant derived a reciprocal benefit from the carriage, the defendant carrier was liable for ordinary negligence; if the transportation was exclusively for the benefit of the plaintiff, then the defendant was liable for gross negligence."

In the case of *Woodruff v. Painter* et al., 150 Pac. 91, 24 Atl. 621, 16 L. R. A. 451, 30 Am. St. Rep. 786, the court held that a bailment is for hire, although no hire is paid, when it is the necessary incident of the business in which the bailee makes a profit. In that case the defendant was a merchant, and while the plaintiff was trying on a suit of clothes he pulled his watch off and laid it upon a table, when the clerk instructed him that it would be safer to put the watch in a drawer, which was done, and while the plaintiff was in the dressing room his watch was stolen from the drawer. The court held that the defendant was liable to the plaintiff for the value of the watch, upon the ground that the bailment was a lucrative bailment, and that the defendant should use ordinary care to preserve the property. In answer to this contention, counsel for defendant in error contend that, the uncontradicted testimony of the defendant being that he received nothing for the storage of the bale of cotton, the only character of bailment that could possibly arise was that of gratuitous bailment, and the only charge warranted by the evidence was the one given by the court. We think counsel are wrong in their premise. Therefore the long line of authorities cited in support of it have no application to the question involved here.

There are other errors assigned; but as the case will have to be reversed upon the one discussed, and as it is probably the only one assigned that would warrant a reversal of the case, we do not deem it necessary to discuss them.

The judgment of the court below is reversed, and the cause remanded, with directions to grant a new trial.

All the Justices concur.