BUSH, RECEIVER ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v*. BEASON.

Opinion delivered October 29, 1917.

CARRIERS—DAMAGE TO FREIGHT—DEAD HEAD FREIGHT.—A carrier is liable in damages for ordinary negligence causing an injury to a mule shipped by an employee, dead head, the mule to be used by the employee in doing work for the carrier.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; affirmed.

*E. B. Kinsworthy* and *W. R. Donham,* for appellant.

1. The verdict is contrary to the law and the evidence and the court erred in not directing a verdict for defendant.

The appellant is not liable, because (1) the carriage was gratuitous, (2) the injury was due to the inherent vices and propensities of the animals shipped, and (3) appellee could not abandon the mule and require appel-

lant to pay for it. The court erred in its instructions. 5 Cyc. 183, 186; 11 Ark. 189; 23 *Id.* 61; 101 *Id.* 75; 103 *Id.* 12; 22 Cyc. 1081-2; 46 Ark. 236; 83 *Id.* 87; 10 C. J. 122-3.

2. The carriage was gratuitous, the transportation free. 16 Mo. 216; 2 Story (U. S.) 16; 36 Am. Rep. 501; 6 Cyc. 365; 46 Am. Dec. 393; 14 Ala. 249; 48 Am. Dec. 97; 67 Barb. (N. Y.) 513; 10 C. J. 39, 45; 6 Bush, 572.

3. Where one is damaged, it is his duty to arrest and reduce the loss. 67 Ark. 112; *Ib.* 371; 93 *Id.* 537; 13 Cyc. 71-5.

*J. C. Ross,* for appellee.

1. The transportation was for the mutual benefit of both parties. Ordinary and not merely slight care was required. 61 Ark. 302, 307; 98 *Id.* 259.

2. Gross negligence was proven. 2 Hutch. on Car. (3 ed.) 707.

There is no error in the instructions and the judgment should be affirmed.

McCULLOCH, C. J. The plaintiff, Johnson Beason, instituted this action against the receiver of the St. Louis, Iron Mountain & Southern Railway Company to recover the value of a mule shipped over the railroad from Malvern to Dumas while the road was being operated by the receiver.

It is alleged in the complaint that plaintiff was employed by a foreman of the receiver to do repair work on the railroad, and that the mules were transported by rail to the place where the work was to be done, and that by reason of the negligence of defendant the mule was injured so that it became worthless. The testimony adduced by plaintiff tended to show that he was engaged with a lot of teams in doing railroad work; that he was employed by a foreman to go to Dumas, or near that place, with his teams for the purpose of working on the railroad, and that his teams were shipped to Dumas for that purpose. In other words, that his teams were shipped free of charge, or "dead-headed," as expressed by one of the witnesses, in consideration of the fact that

he was under contract to perform repair work on the railroad. Other stock was shipped at the same time, some of it the property of plaintiff, and some of it the property of other employees who were going to the same place to work, and the evidence also tended to show that the shipment of stock was handled very roughly by the trainmen, and that this mule was injured by reason of such rough handling.

The law applicable to the case has been stated by this court in the case of *St. L. S. W. Railway Co.* v. *Henson*, 61 Ark. 302, as follows:

"If the property of plaintiff was carried solely for the carrier's benefit, then the carrier was liable for slight negligence. If the plaintiff and the defendant derived a reciprocal benefit from the carriage, the defendant carrier was liable for ordinary negligence; if the transportation was exclusively for the benefit of the plaintiff, then the defendant was liable for gross negligence."

The second rule stated above is the one applicable to the present case, for the testimony shows that the shipment was for the reciprocal benefit of both parties to the contract of carriage, and the carrier, therefore, should be held to ordinary care and diligence in transporting the stock. The instructions given by the court were too favorable to the defendant, for they told the jury that the defendant was only under duty to exercise "slight care to avoid injuring the mule," and would not be liable unless the plaintiff paid a consideration for the transportation. Notwithstanding the erroneous instructions, the jury found in favor of the plaintiff, and defendant is in no position to complain. The evidence is sufficient to sustain the finding of the jury both as to the negligence and the extent of the damages. Witnesses testified that the train was very roughly handled and that this mule and others in the car were thrown down by reason of the sudden and unusual jerks and jars of the train. The mule in question was found to be seriously injured when unloaded from the train. One of the witnesses said that its leg was broken, and others said that the leg was bruised and

sprained. Several of the witnesses testified that the mule was absolutely worthless when taken from the train. The value of the mule was proved to be $200, and the jury returned a verdict in favor of plaintiff, assessing the damages at $150.

Judgment affirmed.