## METROPOLITAN ELECTRIC SERVICE CO. et al. v. WALKER et al.

No. 12979—Opinion Filed June 3, 1924.

(Syllabus.)

1. Bailment—Action by Bailor for Loss of Property—Burden of Proof.

In a suit by a bailor against a bailee for hire to recover the property bailed, or its value, allegation and proof of bailment, together with demand and refusal or failure to return, are ordinarily sufficient to make a prima facie case.

2. Same—Loss of Property Through Bailee's Negligence.

In a suit upon a bailment, when the bailor in his petition alleges the bailment and demand and refusal or failure to return, and in addition thereto, alleges that the property bailed was lost by fire, theft, burglary, or some other cause ordinarily beyond bailee's control, and that the loss was the result of the bailee's negligence, the burden is upon the bailor to prove negligence as alleged.

3. Same—Erroneous Instruction.

When bailor in his petition alleged the bailment, demand and failure to return, and in addition alleged that the subject of bailment had been lost or destroyed by fire, burglary, or theft, and that such loss was occasioned by the negligence of the bailee, it was error to instruct the jury that proof of the bailment, demand, and failure to return were sufficient to make a prima facie case of negligence against defendant, sufficient to entitle the plaintiff to recover.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Carl O. Walker and others against the Metropolitan Electric Service Company and others. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Shirk, Danner & Fowler, for plaintiffs in error.

Rittenhouse & Rittenhouse, for defendants in error.

GORDON, J. In this case defendants in error filed their petition seeking to recover from plaintiffs in error judgment for the value of a certain Ford automobile and contents and for damages for loss of the use of the car. The parties will be designated as in the trial court. Plaintiff Carl O. Walker was the owner of the property, but same had been insured with plaintiff St. Paul Fire & Marine Insurance Company, and after the loss the insurance company had made payment therefor to the extent of $600, and become subrogated to the rights of plaintiff Walker to that amount. Defendants conducted an automobile garage, and among other things were in the business of storage of such automobiles. In their petition plaintiffs alleged ownership of the automobile and contents, storage of same, demand and failure to return, and allege with particularity the acts of negligence of the defendants by reason of which it is claimed the automobile and contents were allowed to be taken by theft. Plaintiffs pray judgment for dam-

ages on account of the loss of said car and contents.

To the petition defendants filed answer denying that the property of plaintiff was lost by reason of any negligence on their part. They admit that they did store the car mentioned in the petition, but deny that it was lost by their negligence. They deny they were negligent in failing to use proper safeguards and locks for the protection of the car; deny negligence or carelessness on the part of their agents; deny storage of the wearing apparel, etc., mentioned in plaintiff's petition, and pray to be discharged. Upon the issues so made the cause went to trial. The jury returned their verdict in favor of the plaintiffs and against the defendants in the sum of $800. Judgment was rendered upon the verdict. Motion for new trial having been filed, was overruled by the court. Notice of intention to appeal duly given, and the cause is now here upon defendants' appeal.

The assignments of error relied upon by plaintiffs in error are: First, error of the court in overruling the demurrer of the plaintiffs in error to the evidence; second, error of the court in overruling the motion of the plaintiffs in error for a directed verdict; third, error of the court in giving to the jury instruction numbered "eight", and "in instructing the jury in such manner and substance to the effect that they should bring in a verdict for the defendants in error upon the evidence." Under the view we have taken of this case, it will tend, we think, to clearness to discuss the first and third propositions above quoted together. We may eliminate the second proposition by saying that the evidence was sufficient to go to the jury if the cause had been submitted upon proper instructions, and we shall therefore proceed to a consideration of the two questions, whether defendants' demurrer to the evidence should have been sustained, and whether the giving of instruction No. 8, by the court, constituted error.

This is a case of bailment, and the bailee was a bailee for hire. The rules governing the liability of a bailee for hire have been several times set forth in the decisions of this court. In actions by bailors for loss of property placed with bailees for hire there appear to have been two methods adopted for stating the cause of action, and the questions coming to this court have arisen, not so much upon the liability of the bailee, as upon the question of the introduction of evidence and the burden of proof under the particular pleadings of each case. A bailor, storing property with a bailee for

hire and sustaining a loss of his property, may go into the courts upon a petition alleging the contract of bailment and the refusal to return the property upon demand, and upon these allegations, and proof to sustain them, in the absence of any proof on the part of the defendant bailee, such bailor may recover the value of the property so lost. On the other hand, if the bailor alleges the contract of bailment for hire, the demand for the property, the failure to return, and the fact that the property had been lost or destroyed by the negligence of the bailee, it becomes a serious question and one upon which there has been much diversity of opinion as to whether by such allegations of negligence the plaintiff in such an action has not assumed the burden of showing that the loss was occasioned by the negligence of the bailee, and having assumed such burden, whether the plaintiff in such an action can recover without the introduction of sufficient evidence to justify a verdict or judgment in his favor upon the question of the negligence of the bailee. It would seem that where the loss occurred from fire, theft, burglary, or causes ordinarily held to be beyond the control of the bailee, and the plaintiff alleges that the loss occurred from these causes and by reason of the negligence of the bailee, the plaintiff must ordinarily follow up his proof of bailment, demand, and failure to return by proof also of the negligence of the bailee. The first leading case upon this question in Oklahoma is that of Stone v. Case, 34 Okla. 5, 124 Pac. 960. In that case this court was passing upon an instruction to the jury which put upon the bailee the burden of proving that the property in his custody had not been destroyed through lack of ordinary care on his part. The first paragraph of the syllabus is as follows:

"In an action against a bailee for loss of property, where it is alleged that the loss was occasioned by a fire, and that such fire was caused by the negligence of bailee, it is error to instruct the jury that the burden is upon the defendant to prove that he was not negligent. In such case the burden is upon the plaintiff to prove a prima facie case; and such prima facie case must outweigh an affirmative defense, if such defense is interposed, before plaintiff is entitled to recover."

In the discussion this court says:

"The instruction herein complained of, either standing alone or considered in connection with the entire charge, has the effect of arbitrarily assuming a prima facie case and a consequent liability on the part of defendant, and of placing the burden upon him to prove he was not liable. This

was error. It should have been left to the jury to determine from the evidence whether a prima facie case had been made, and whether from all the facts and circumstances the defendant is liable."

It will be noted that in the petition in the foregoing case plaintiff did not stand squarely upon the bailment, but alleged that the property bailed was destroyed by fire, which fire was caused by the negligence of the defendant. Plaintiff introduced proof of negligence causing the fire, and under these conditions, Commissioner Harrison held it error to place the burden of proving lack of negligence on the defendant. On page 9 of that opinion, we find the following:

"Where a bailee fails to deliver the property, or where the bailor makes demand for a return of the property, and the bailee fails or refuses to return or deliver the same, in such case, the law presumes a liability on the part of the bailee—a presumption from which he must free himself. But such presumption arises from the facts constituting a prima facie case against him, and the burden is upon the bailor to establish such facts; that is, he must show that there is a bailment, that he is the bailor, must show what the property consists of that he is entitled to a return of same, and that the bailee refuses to make such return. When this is done, a prima facie case is made, and the law presumes a liability on the part of the bailee. Then, if he has a defense which relieves him of liability, the burden is upon him to establish such defense; that is, the law must be satisfied of the existence of such facts as will relieve him of liability, and proof of such facts rests with him. The law must be convinced by his efforts that a defense exists. The burden of proving such issue is upon him. Otherwise the presumption arising from a prima facie case fixes his liability."

In the case of Standard Marine Ins. Co., Ltd., of Liverpool v. Traders Compress Co., 46 Okla. 356, 148 Pac. 1919, Commissioner Rittenhouse sustains fully the proposition that ordinarily the proof of a bailment and demand for the property, with a refusal or failure to return, constitute a prima facie case. But the rule changes when bailor alleges loss by reason of bailee's negligence. The fourth paragraph of the syllabus of the above case is as follows:

"In an action against a bailee for hire for injury to cotton, where it is alleged that the injury was occasioned by fire, and that such fire was caused by the negligence of the bailee, the court properly instructed the jury that the burden of proof was upon the plaintiff to prove that the fire was caused by the defendant's negligence."

It will be seen, therefore, in that case that we have the allegation of bailment for hire, demand for the property, and failure, or refusal to return, to make a case, but we find the further proposition that where the plaintiff elects to allege the means by which the property was lost, and the negligence by which it is claimed the loss occurred, the burden remains with the plaintiff to sustain such allegations of negligence. On page 364 in the body of the opinion in Standard Marine Ins. Co. v. Traders' Compress Co., supra, we find the following:

"It is true that ordinarily, where the relation of bailor and bailee exists, the proof of loss or injury establishes a prima facie case against the bailee sufficient to put him upon his defense, and in such case the burden of evidence shifts to the bailee. This rule, however, does not apply in the instant case, as plaintiff alleged that the damage was occasioned by fire, and that the fire was caused by defendant's negligence." (See, also, Wilson v. Southern Pac. Ry. Co., 62 Cal. 164.)

In the case of Smith v. Maher, 84 Okla. 49, 202 Pac. 321, paragraph 3 of the syllabus is as follows:

"In an action by the bailor against a bailee for hire to recover the value of cattle, which the bailee has failed to deliver to the bailor, where the cattle have been in the exclusive possession of the bailee, the burden of establishing negligence rests upon the bailor, but this burden is satisfied when the bailor has shown a delivery of the property in good condition to the bailee, and a failure or refusal by the bailee to make delivery of the cattle upon demand, and such evidence on the part of the bailor is prima facie evidence of negligence, and is sufficient to cast upon the bailee the burden of explaining his failure to return the cattle."

In the petition in the last named case plaintiff stood upon the proposition of bailment, making no allegation as to the negligence of bailee. Plaintiff requested an instruction that proof of the delivery of the cattle to bailee in good condition, and the failure of the bailee to make a redelivery of the property was sufficient to cast the burden upon the defendant bailee. The court refused this instruction, and our court in the opinion by Justice Kennamer holds that this was error. (See, also, Nutt v. Davidson, 54 Colo. 186, 131 Pac. 390.)

In the annotation following Beck v. Wilkins-Ricks Co., 9 A. L. R. 559, et seq., on page 560, we find the following:

"The rule seems to be well settled that a prima facie case is ordinarily made out for the bailor when he proves the bailment and a failure to return the property on demand."

On page 562, beginning near the bottom of

the page and continuing on page 563 in the above case, we find the following:

"The burden of proof, it was said in Liberty Ins. Co. v. Central Vt. R. Co., 19 App. Div. 500, 46 N. Y. Supp. 576, supra, is on the plaintiff who alleges negligence against a warehouseman, if the latter accounts for his failure to deliver the goods by showing their destruction by fire, and the burden is never shifted; so that while a demand and a refusal to deliver, if unexplained, are sufficient prima facie to show negligence, if it appears either in the plaintiff's or defendant's proof that the goods were lost by fire, the evidence must show that the fire arose from the warehouseman's negligence."

It will be seen, therefore, that the settled rule in this jurisdiction is that where the plaintiff alleges a bailment, a demand, and a failure to deliver, and alleges, further, a loss of the property subject to the bailment by fire, theft, or causes beyond the bailee's control, the burden of proving this negligence remains always with the plaintiff. In the case before us, the trial court instructed the jury as follows:

"8th. You are further instructed that if you find from a fair preponderance of the evidence that the defendants were bailees for hire, as heretofore mentioned and defined, and find that on or about the 6th day of May, 1920, the plaintiff Walker took his automobile to the garage of the defendants and there stored it with them for hire, receiving claim check, and find that subsequent thereto Walker called for said car and presented the claim check to the defendants or their agent, and that upon such presentation, the defendants failed or refused to deliver said car to said Walker, for the reason that the same had been stolen from the defendants meanwhile, then and in such event, you are instructed that the plaintiffs have made out a prima facie case of negligence, sufficient to entitle them to recover in this action and your verdict should be for the plaintiffs for the value of the car on said date, not exceeding the sum of $800 as alleged in plaintiff's petition, and for such other sums as will cover the value of the other property described in the petition to the amount therein set forth, in no event to exceed the sum of $1,253.63, the amount sued for."

This instruction would be justified only in a case where plaintiff had based his petition squarely upon the bailment, with no allegation of negligence on the part of the bailee, and with no evidence introduced by the bailee tending to explain the loss of the property. We must, therefore, conclude that the giving of this instruction, with the pleadings as they were, was error. It is argued that this instruction must be construed and read with other instructions of the court. Instruction No. 4 is as follows:

"4th. You are further instructed, gentlemen of the jury, that the burden of proof is upon the plaintiffs in this case to prove the material allegations of their petition by a preponderance of the evidence, and unless you find that the plaintiffs have proved the material allegations of their petition by a preponderance of the evidence, it will be your duty to return a verdict for the defendants. By a preponderance of the evidence is not necessarily meant the greater number of witnesses who have testified in the case, but the greater weight of creditable, competent evidence introduced in the case."

In stating to the jury the allegations of plaintiffs' petition, the court states, substantially, merely the bailment, the demand, the failure to deliver, and the prayer for judgment for value of the property. Nothing is stated regarding any allegation of negligence in plaintiffs' petition. Instruction No. 4 therefore could not be held to call attention of the jury to the necessity of proof by plaintiffs of any negligence. In effect, the court has eliminated the entire question of negligence, and directed the jury to find for the plaintiffs if it shall be found that the bailment was made and that there was demand and refusal to deliver, and instructed the jury that upon finding these facts in plaintiffs' favor, its verdict should be for the plaintiffs for the amount of the value of the lost property. We are unable to see that this instruction can be reconciled with the other instructions, so as to leave to the jury in any manner the question of whether the loss occurred through the negligence of the defendants. Having concluded that the giving of this instruction was prejudicial error, it becomes necessary to reverse and remand this cause, and therefore we do not find that it would be profitable to any of the parties to discuss the question whether the action of the trial court in overruling defendants' demurrer to plaintiffs' evidence was error. It is sufficient to say that there was some testimony on the part of the plaintiffs to sustain their allegations of negligence, and as the same question of the weight of the evidence may arise upon a future trial, we deem it wise to express no further opinion at this time. The judgment of the trial court will be reversed and the cause remanded in conformity with the views herein expressed.

McNEILL, V. C. J., and NICHOLSON, HARRISON, and LYDICK, JJ., concur.