**BROADDUS et al. v. COMMERICAL NAT. BANK OF MUSKOGEE et al.**

No. 15512—Opinion Filed June 23, 1925.

(Syllabus.)

1. **Bailment—Landlord of 'Office Building as Bailee of Tenant—Requisites of Bailment.**

The fact that the landlord of an office building furnishes janitor service to his tenants, and the fact that the landlord and his servants possess keys and have access to said offices at all times, outside of office hours, does not constitute the landlord a bailee of the tenants' offices and contents during such time, where the tenants and their employes possess keys and have access to said offices at all times. To constitute a bailment, there must be a delivery and full transfer, either actual or constructive, of the property to the bailee, so as to exclude the possession of the owner and all other persons, and give to the bailee, for the time being, the sole custody and control thereof.

2. **Appeal and Error — Review—Questions of Fact—Conclusiveness of Verdict.**

Where the issue as to whether the landlord was negligent in the employment of dishonest janitors, and the issue as to whether the damage of cross-petitioners was caused by the negligence of such agents, were properly submitted to a jury, the verdict of the jury, being reasonably supported by the evidence, will not be disturbed on appeal.

Error from District Court, Muskogee County; E. A. Summers, Judge.

Action by Commercial National Bank and Johnella P. Barnes against B. Broaddus and C. A. Ambrister. From a judgment for plaintiffs, defendants appeal. Affirmed.

Paul C. Williams, for plaintiffs in error.

Benj. Martin and W. K. Zachry, for defendants in error.

MASON, J., The Commerical National Bank, of Muskogee, Okla., and Johnella P. Barnes, as plaintiffs, commenced this action by filing their petition in the district court of Muskogee county, Okla., alleging in substance that the defendants, B. Broaddus and C. A. Ambrister, were indebted to said plaintiffs in the sum of $115 as rent for space occupied by them in an office building owned by the plaintiffs in the city of Muskogee, known as the Commercial National Bank Building, or the Barnes Building.

For convenience, the parties will be referred to as they appeared in the trial court.

The defendants admitted that they had been tenants in said building for a number of years, and that they had been paying $80 per month as rent, and that they were indebted to the plaintiffs in the sum of $115.

Further answering, and by way of cross-petition, the defendants alleged that a part of the consideration for the space occupied in the building of the plaintiffs was the janitor service, heat, light, and safety from burglary or fire.

The defendants further alleged that on the 1st day of July, 1922, they placed $90 in currency in a safe belonging to said defendants and situated in the space occupied by them in said building; that said safe was a combination safe and filing cabinet composed of steel, and that said safe had a combination lock thereon; that, after said money had been placed in said safe, the bolts to the lock were thrown, but that said defendants did not remember whether the combination was turned or not, but was of the opinion that said door was not locked; that, when said defendant returned Monday morning to said office, the said money was gone, by reason of the negligence of the servants and employes of the plaintiffs, in either appropriating the money to themselves or in leaving the door unlocked so that other parties could come into said office and secure the property located therein; that said defendants and their stenographer were the only persons having a key to said office, except the keys which were held by the plaintiffs or by their servants and employes; that, when said office was left by the defendants, the same was securely locked, and when they returned Monday morning, the doors had not been broken into or the persons entering same had not done so by way of the transom.

The defendants further alleged that, on Saturday, the 11th day of August, 1922, they placed in said safe situated in said office the sum of $25, which was received after banking hours, and that the same was found missing on Monday morning when the defendants opened their office. The defendants further alleged that the doors did not appear to have been broken, and that entrance was not made by way of the transom.

It was further alleged that, by reason of the carelessness of the plaintiffs, their servants and employes, the defendants had lost the total sum of $115.

To this answer and cross-petition, the plaintiffs filed their amended reply, consisting of a general denial, and further allegation that, if the defendants suffered loss or damage by reason of the things complained of by them in their answer and cross-petition, the same was brought about:

and contributed to by the negligence and carelessness of said defendants.

The defendants having admitted the allegations of the plaintiffs' petition, the cause was tried to the jury on the cross-petition of the defendants, which resulted in the verdict for the plaintiffs for the full amount sued for. From the judgment rendered on such verdict, and the court's order overruling their motion for new trial, the defendants prosecute this appeal.

For reversal, it is first contended that the relation of bailor and bailee existed between the cross-petitioners and the plaintiffs at the time of the occurrence in question, and that the trial court erred in refusing to submit this theory of the case to the jury.

"Bailment" is defined as follows:

"A delivery of goods in trust, upon a contract, expressed or implied, that the trust shall be executed and the goods restored by the bailee as soon as the purpose of the bailment shall be answered." 2 Kent's Comm. 559.

"A bailment may be defined as a delivery of personalty for some particular purpose, or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions, or kept until he reclaims it as the case may be." 5 Cyc. 161.

The rule is elemental that, in order to constitute a transaction in bailment, there must be a delivery to the bailee, either actual or constructive. It has been held that such a delivery of property must be made to the bailee as will entitle him to exclude for the period of the bailment the possession thereof even of the owner. Fletcher v. Ingram, 46 Wis. 191, 50 N. W. 424.

The defendants' theory of this case is that their offices and contents were delivered to the plaintiffs and their agents at all times except during office hours; that the plaintiffs and their agents possessed keys to said offices and had access thereto at such times for the purpose of performing janitor service, and that thereby the duty of a bailee developed on the plaintiffs during such times.

The evidence, however, discloses that each of the defendants and their stenographer had a key to said offices and access thereto at all times. Therefore, one of the necessary elements of a contract for bailment is fatally absent, to wit: Such a delivery to the bailees as would entitle them to exclude for the period of the bailment the possession thereof even of the owner.

In 6 Corpus Juris, 1103, the rule is stated as follows:

"Such a full delivery of the subject-matter must be made to the bailee as will entitle him to exclude for the time of the bailment the possession of the owner, as will make him liable as its sole custodian to the latter in the event of his neglect or fault in discharging his trust with respect to the subject-matter, and as to require a redelivery of it by him to the owner or other person entitled to receive it after the trusts of the bailment have been discharged." Citing Bertig v. Norman, 101 Ark. 76, 141 S. W. 201, Ann. Cas. 1913 D, 943; Atlantic Coast Line R. Co. v. Baker, 118 Ga. 809, 45 S. E. 673; Wentworth v. Riggs, 143 N. Y. Supp. 955, 957; Fletcher v. Ingram, 46 Wis. 191, 50 N. W. 424.

In the note to Zeterstorm v. Thomas, 92 Conn. 702, 104 Atl. 237, in 1 A. L. R. 392, it is said:

"On the question of fact whether or not there is a sufficient delivery in any given case, the general rule is that, in order to constitute such a delivery, there must be a full transfer, either actual or constructive, of the property to the bailee, so as to exclude the possession of the owner and all other persons, and give to the bailee for the time being the sole custody and control thereof."

The defendants cite and rely upon the case of Vogel & Son v. Braudrick, 25 Okla. 259, 105 Pac. 197, wherein this court announced the following rule:

"Where the keeper of a cotton yard received 10 cents for weighing each bale and 15 cents for hauling the same to the railway station for shipment, and it was the custom of said keeper to keep said cotton in said yard between the time of weighing it and hauling it for shipment, such keeping being a necessary incident of the business in which the keeper makes a profit constitutes him a bailee for hire, although he may not have received any compensation for the actual storage."

Said rule, however, does not apply to the case at bar, for the reason that the keeper of the cotton yard in that case accepted the cotton in his yard and had full and exclusive control over the same during the period of bailment.

We conclude that there was not such a delivery in the case at bar as to constitute the plaintiffs bailees, and that the trial court properly refused to submit such theory to the jury.

It is also urged that the trial court erred in refusing to allow the defendants to prove that this case had been referred to arbitration.

Counsel for plaintiffs in error in his brief says that a statement of all the facts in said cause had been prepared, agreed upon by the attorneys for the plaintiffs and defendants, and submitted to the district judge of Muskogee county in accordance with the provisions of section 846, Comp. Okla. Stat. 1921. The record in the case does not disclose such facts, nor does it disclose that any offer to prove such facts was made by the defendants and overruled by the trial court. Such assignment of error, therefore, cannot be considered by this court on appeal.

Plaintiffs in error next contend that a landlord, who has access, custody, and control of the property of his tenant, is liable for any loss sustained through his servants or agents. Several cases are cited in support of this proposition, which we have examined and find that none of them are applicable . to the facts here. All such cases cited, with one exception, relate to the liability of a transportation company or a warehouseman for failure to redeliver property placed in their charge as a bailee. This question was settled adversely to defendants' contention in our disposition of the first assignment of error, wherein we held that the plaintiffs were not bailees.

Defendants also cite Wiess v. Gordon (Tex. Civ. App.) 209 S. W. 486. In this case, the plaintiff was an attorney who occupied an office in a certain building in Beaumont, Tex. It appears that he had just moved into said building and that several abstracts of title were temporarily stored in a waste paper basket in his office, which he instructed the negro janitor not to disturb. The janitor, however, in disregard of the order of the plaintiff, carelessly and negligently destroyed them, and the opinion holds that the plaintiff was entitled to recover from the defendants on the theory that the acts of the servant in destroying the abstracts were done in the course of his employment and as a part thereof, and that the master was liable for the damages occasioned by the negligent manner in which the work was performed.

In the case at bar, the question as to whether or not the plaintiffs were negligent and careless in the employment of dishonest janitors in said building, and the question as to whether or not the loss of the cross-petitioners was caused by the negligence or carelessness of such janitors, were questions of fact which were submitted to the jury, upon conflicting evidence, by the trial court under proper instructions. The verdict of the jury on these questions, therefore, is conclusive under the well-established rule of this court that the verdict of the jury, in a law action, will not be disturbed on appeal where there is competent evidence which reasonably tends to support such verdict.

Some contention is also made that the trial court erred in instructing the jury on the theory of contributory negligence. This issue was raised by the plaintiffs' reply to the defendants' answer and cross-petition. From an examination of all the evidence in the case, and in view of the issues presented by the pleadings, we are of the opinion that the question of contributory negligence was properly submitted to the jury.

We have examined all the instructions given to the jury by the trial court, and are of the opinion that they were probably more favorable to the defendants than they should have been.

Finding no reversible error, the judgment of the trial court is affirmed.

NICHOLSON, C. J., and PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 6 C. J. p. 1103, § 23; 36 C. J. p. 232, § 926; anno. 1 A. L. R. p. 394; 3 R. C. L. pp. 80, 81; 1 R. C. L. Supp. pp. 760-762, 4 R. C. L. Supp. p. 170. (2) 4 C. J. p. 853, § 2834; 2 R. C. L. p., 166 et seq., 1 R. C. L. Supp. pp. 432-434; 4 R. C. L. Supp. p. 90, 5 R. C. L. Supp. p. 79.