## WILLIAM CATLIN, Inc., v. NORTON et al.

No. 23166. March 12, 1935.

Rehearing Denied April 9, 1935.

Charles E. Wells and M. L. Hankins, for plaintiff in error.

Goode, Dierker & Goode, for defendants in error.

PHELPS, J. The parties will be referred to herein as they appeared in the trial court.

The plaintiff was a corporation engaged in the automobile business in the state of Florida. It sold an automobile to one Lee Bills, under a conditional sales contract, retaining title to the automobile until the balance of the purchase price of $600 was paid. Bills brought the automobile to Shawnee, Okla., and the automobile company caused him to be arrested by the city police of Shawnee and placed in jail. The police took charge of the automobile and placed it in storage with defendants Norton, taking their storage check therefor. Charles E. Wells, attorney for plaintiff, secured from Bills a transfer of his interest in the automobile to plaintiff and the police surrendered to Wells the storage check and he notified the defendants Norton of the transfer, advising them that "said car should be held subject to the orders of William Catlin, Inc." The storage check was issued on February 6,

1929, the transfer of title to the automobile was made by Bills to plaintiff on February 11th. The notice was given by Wells to Norton on February 20th. On February 8th the defendant Armstrong, who was constable, took possession of said automobile under an order of attachment issued by Tully J. Darden, justice of the peace, in an action wherein E. R. Kelly was plaintiff and Bills was defendant under the name of Charley Bill.

On April 25, 1929, plaintiff filed its petition in the district court of Pottawatomie county (which petition was later amended) against H. Mead Norton and Sam Norton, copartners, and John A. Armstrong, constable, in which it alleged that the defendants Norton and defendant Armstrong, acting on a pretended order of sale in attachment issued out of the justice of the peace court, "sold or pretended to sell, convey, or otherwise conceal, dispose of, and convert said property to their own use, all to plaintiff's damage in the sum due under the above-mentioned contract, to wit, $600." and prayed for judgment against defendants in that amount. In its amended petition it set out a copy of the attachment order issued by the justice of the peace and also a copy of the judgment in the case of E. R. Kelly v. Charley Bill in the justice of the peace court.

Armstrong filed his separate answer denying generally the allegations of plaintiff's amended petition, admitting that he was a duly elected, qualified, and acting constable and that he sold the automobile in question under an order of sale "legally issued out of the court of Tully J. Darden, justice of the peace." Defendants Norton filed their answer alleging that on February 8, 1929, they were served with an attachment order by Constable John A. Armstrong; that they refused to turn the automobile over to Armstrong and demanded that he refrain from taking the same, but that he was armed and threatened to use force if necessary to remove said car, and over their protest took the automobile from their possession and that they immediately notified Mr. Wells.

With the issues thus joined, the case went to trial, and when plaintiff introduced its evidence and rested, the court sustained a demurrer to plaintiff's evidence, dismissing the action.

In plaintiff's briefs it assumes this suit is one in bailment and proceeds to make

the arguments and cite the authorities tending to support its claim that it is entitled to damages for breach of bailment contract and contends that it was only necessary for it to prove a prima facie case, and the burden then shifted to defendants; further contending that it proved a prima facie case and that the court erred in sustaining defendants' demurrer to its evidence. The rule contended for is ordinarily the correct rule where the bailor brings suit against the bailee for damages for failure to produce the subject of the bailment upon proper demand, but, as we view it, neither the pleadings nor the proof in the instant case justify the application of this rule. An examination of the pleadings discloses that suit was not only brought against the Nortons, who had possession of the automobile, but also against Armstrong, the constable, as well, and there is nothing in the record that indicates that Armstrong, by the greatest stretch of the imagination, could be considered a bailee. The language of plaintiff's petition would indicate that the action was one sounding in tort, an action for damages for conversion of the automobile. It alleges that:

"Defendants H. Mead Norton and Sam Norton, together with defendant John A. Armstrong, acting as constable, under a pretended order of sale in attachment, issued out of the court of Tully J. Darden, justice of the peace, * * * in a pretended suit therein pending * * * with full knowledge or notice of the infirmity of the title of the said Charley Bill * * * and with full knowledge and notice of the title of plaintiff to said property and without notice to said plaintiff **wrongfully, purposefully and unlawfully** sold or pretended to sell, convey or otherwise conceal, dispose of and convert said property to their own use."

Counsel for plaintiff did not attempt to introduce any proof whatever sustaining these allegations, but contented themselves with the mere introduction of testimony tending to prove ownership of the car and that it was left in the possession of defendants Norton. If they had limited the allegations of their petition to a simple suit of bailor against the bailee, the trial court would probably have found that they had proved a prima facie case and overruled the demurrer. No doubt the trial court had in mind the rule laid down in Metropolitan Electric Service Co. v. Walker, 102 Okla. 102, 226 P. 1042, wherein in the body of the opinion this court uses the following language:

"It will be seen therefore that the settled rule in this jurisdiction is that where the plaintiff alleges a bailment, a demand, and a failure to deliver, and alleges further a loss of the property subject to the bailment by fire, theft, or causes beyond the bailee's control, the burden of proving this negligence remains always with the plaintiff."

On the authority of this case and the cases therein cited and followed, at least to a certain extent, in Traders Compress Co. v. Precure, 107 Okla. 191, 231 P. 516, it is our conclusion that the trial court committed no error in sustaining the demurrer to plaintiff's petition, and its judgment is affirmed.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.