Paul D. FORSYTHE, d/b/a Forsythe Welding Company, Plaintiff in Error,

v.

Guy E. BRADSHAW, d/b/a Bradshaw Tree Service, Defendant in Error.

No. 38541.

Supreme Court of Oklahoma.

Jan. 19, 1960.

852

John R. Woodard, Tulsa, for plaintiff in error.

Allen & Allen, Tulsa, for defendant in error.

DAVISON, Chief Justice.

This action was instituted by plaintiff, Guy E. Bradshaw, d/b/a Bradshaw Tree Service, against the defendant, Paul D. Forsythe, d/b/a Forsythe Welding Company, to recover value of two truck wheels, tires and tubes.

Plaintiff alleged in his petition that he was the owner of a new 1955 Chevrolet truck and orally contracted with the defendant to have the defendant place a bed and winch thereon and left the truck in the possession of defendant for that purpose; that thereafter the defendant informed plaintiff that the two wheels, tires and tubes had been stolen from the truck; that plaintiff demanded of defendant that he buy new wheels, fully equipped, to replace the stolen articles; that the defendant failed and refused to do so; that plaintiff did buy the articles at a cost of $239.50; and prayed judgment against the defendant for this amount. Plaintiff's petition contained a second cause of action for loss of use of the truck, which was later dismissed.

Defendant filed an answer, which in its final form and insofar as pertinent to the final issues, admitted plaintiff did leave his truck for defendant to equip with a bed and winch; that at the time the truck was left with the defendant, the defendant apprised the plaintiff there was not room for the truck in his small place of business and that plaintiff would have to leave it on the street; that plaintiff agreed to leave the truck on the street in front of defendant's place of business, stating there was nothing anyone could take from the truck; that defendant had a sign in a conspicuous place reading "Not responsible for fire or theft",

which plaintiff saw; that defendant exercised reasonable and ordinary care for the preservation of plaintiff's truck; admitting the taking of the articles but that it was not any fault of the defendant; and denying the cost of the new wheels.

A jury was waived and the case was tried to the court. At the conclusion of plaintiff's evidence the defendant demurred thereto and the demurrer was overruled. At the conclusion of all the evidence the trial court rendered judgment for plaintiff for $239.50 and costs. Defendant appeals from the judgment.

Defendant urges that the evidence was insufficient to support the judgment, that the evidence does not reflect a bailment of the truck with the defendant, and that the demurrer of the defendant to the evidence of the plaintiff should have been sustained.

The evidence in chief of the plaintiff consisted of the testimony of the plaintiff. Briefly, the plaintiff testified that he was in the tree service business and bought a new 1955 truck without bed; that he had an old truck with bed and winch and engaged the defendant to move the bed and winch from the old truck to the new truck; that the old truck was delivered to the defendant for removal of the bed and winch and the next morning the new truck was brought and parked across the street from the shop of the defendant; that later in the day and at the direction of the defendant, the son of plaintiff drove the new truck around and parked it about 30 feet west of the driveway in front of defendant's place of business and delivered the keys to the defendant; that the next morning the two wheels and tires and tubes had been stolen; that plaintiff had to buy new ones and defendant refused to pay for same. Plaintiff also testified the bed and winch were transferred to the new truck and defendant was paid for his services.

The evidence of the defendant was substantially in accord with the allegations in the answer. Rebuttal evidence by both sides was cumulative. The parties will be referred to as they appeared in the trial court.

Defendant contends that there was not a sufficient delivery or transfer of the truck to him to constitute a bailment and cites Kee v. Bethurum, 146 Okl. 237, 293 P. 1084, and Broaddus v. Commercial National Bank of Muskogee, 113 Okl. 10, 237 P. 583, 42 A.L.R. 1331. In both of the cited cases it was sought to hold landlords liable for loss of property taken from the quarters of the tenants on the theory that the landlords were bailees of the tenants' property. It was held that the landlords were not bailees and not liable under the facts therein for the reason that there was not sufficient delivery and transfer so as to give to the landlord for the time being the sole custody and control of the property. We see no similarity in principle of the facts in the cited cases to the facts in the case now before us on appeal.

In the present case the truck was brought to the place of business of the defendant and at the direction of the defendant was parked adjacent thereto, the keys were delivered to the defendant, and the plaintiff and his employees departed. These facts establish a relinquishment of possession by plaintiff and a delivery of possession of the truck to the defendant to be equipped with a bed and winch. The answer of defendant admits that plaintiff left the new truck for defendant to equip with a bed and winch. Is the defendant in such situation a bailee? We think he is.

In Planters' Cotton & Ginning Co. v. Blackburn, 92 Okl. 15, 217 P. 395, cotton was delivered for ginning, and in Vogel & Son v. Braudrick, 25 Okl. 259, 105 P. 197, cotton was delivered for weighing. In both cases the cotton was lost or stolen and was not delivered to the owners upon demand being made for the same. We held in the cited cases that where the keeping of the cotton was a necessary incident of the business in which the keeper makes a profit, this constituted him a bailee for hire, although he may not have received compensation for the actual storage, and that such bailee was bound to use ordinary care to preserve the cotton. Under our statute, 15 O.S.1951 § 466, it is required that a bailee

for hire use at least ordinary care for the preservation of the thing bailed.

There is a direct and strong similarity of facts in the cited cases to the facts in the present appeal. The defendant was engaged to remove a bed and winch from an old truck and place the same upon the new truck of plaintiff. Delivery of the new truck to defendant for transfer of the bed and winch to it was necessary to the performance of the work for which defendant had been engaged. The defendant completed the transfer and was paid. It is clear that the temporary keeping of the new truck was a necessary incident of the business of the defendant. It follows that the rules of law stated in the cited cases apply to the instant case and that defendant was a bailee for hire and was bound to use ordinary care to preserve the new truck and the wheels, tires and tubes on it for redelivery to plaintiff.

■ The plaintiff by his evidence established a bailment and payment to defendant of all charges made by defendant for transfer of the bed and winch in connection with which the bailment was created and further proved the cost of replacing the stolen articles and a demand upon defendant and refusal by defendant bailee to make satisfaction for the lost or stolen property. This evidence made a prima facie case against the defendant bailee and the burden of proof shifted to the defendant. English v. Traders' Compress Co., 167 Okl. 580, 31 P.2d 588.

■ Defendant contends that the evidence of the plaintiff does not show or prove the defendant was negligent. If plaintiff had alleged negligence on the part of the defendant, then it would have been incumbent on plaintiff to prove negligence. Plaintiff's petition contains no allegation of negligence on the part of defendant. Plaintiff elected to base his action on establishment of a bailment for hire and on the liability and obligation of the defendant as a bailee for hire. Under these circumstances plaintiff was not required to prove negligence on the part of the defendant to make a prima facie case. See English v. Traders' Compress Co., supra, and Metropolitan Electric Service Co. v. Walker, 102 Okl. 102, 226 P. 1042.

The trial court did not err in overruling defendant's demurrer to plaintiff's evidence.

■ The defendant in his answer did plead that he exercised reasonable and ordinary care for the preservation of plaintiff's truck but introduced no evidence of any precautions or acts for the protection or preservation of the truck. This failed to discharge the burden cast on defendant by plaintiff's prima facie case. The defendant sought to avoid liability by proof of a special arrangement composed of an oral notification to plaintiff that the shop of defendant would not accommodate storage of the truck, and a consent or agreement by plaintiff that the truck could remain parked in the street and near to the place of business of defendant. The plaintiff denied such notification and consent or agreement. Defendant does not argue the legal effect of the presence of the sign purporting to limit defendant's liability in case of fire or theft. It was on this state of proof and the evidence that the case was presented to the trial court. The trial court held for the plaintiff.

■■ This was an action of legal cognizance, where a jury was waived, and in such case the judgment of the trial court, in the absence of prejudicial error, will be sustained by this court if there is any competent evidence tending to support it. From an examination of the record, we find and hold that there is competent evidence to sustain the judgment.

Affirmed.