## HODGES v. ALEXANDER.

No. 11327—Opinion Filed July 3, 1923.

Rehearing Denied Dec. 11, 1923.

**1. Pleading — Departure — Amendment— Change of Claim.**

Plaintiff sued the defendant, ex delicto, on several causes of action for damages, growing out of alleged wrongful suits brought by defendant against plaintiff. Thereafter, plaintiff filed an amended petition, ex contractu, for the same alleged wrongs, but declared upon the statutory bond in each cause of action given by defendant to indemnify plaintiff. Held, that said amended petition did not change substantially the claims of plaintiff and was not a departure.

**2 Same — Permissible Pleading — Error to Strike.**

Where an amended petition is a permissible pleading, and the defendant is not prejudiced by the filing thereof, it is not within the legal discretion of the court to sustain a motion to strike same, and the sustaining of such motion is error.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Love County; Thomas W. Champion, Judge.

Action by M. L. Hodges against M. L. Alexander for damages for wrongful suits filed. Judgment for defendant, and plaintiff appeals. Reversed and remanded, with directions.

Graham & Logsdon and Eddleman & Sneed, for plaintiff in error.

Cruce & Potter and Moore & West, for defendant in error.

Opinion by ESTES, C. Plaintiff in error, as plaintiff, sued the defendant in error, as defendant, in the district court, ex delicto, alleging that the defendant had brought several suits, describing them, in attachment, injunction, and otherwise against him; that same were determined adversely to the defendant; that same were wrongful and malicious, and asked for $3,000 actual and $1,000 exemplary damages. Defendant filed no motion to separately state and number the causes of action, but demurred, which demurrer was overruled, and thereupon defendant filed answer. Thereafter plaintiff filed an amended petition describing each of the several alleged wrongful and malicious suits and stated each of the same as a separate cause of action. In each cause of action, plaintiff described the bond which defendant gave and declared upon the same, thereby setting up several causes of action ex contractu. Meantime, defendant, M. L. Alexander, died, and the cause was duly revived in the name of and ordered to proceed against Roy Alexander as administrator. Thereafter, by leave of court, defendant withdrew his answer theretofore filed, and obtained leave of court to file, and did file, a motion to strike said amended petition for the reason that the same attempted to set up a separate and distinct cause of action from that set forth in the original petition and constituted a departure therefrom. The court sustained said motion to strike. Plaintiff excepted, and declined to amend or plead further and the cause was by the court dismissed and the case duly lodged by the plaintiff in this court, as-

signing that the lower court erred: (1) In permitting the defendant to withdraw his answer and file said motion to strike the amended petition; (2) In sustaining said motion and striking said petition; (3) In rendering judgment dismissing said cause.

1. We prefer to discuss, first and together, the last two assignments. The question is squarely presented. Did the court err in striking the amended petition on the ground that it was a departure, in that it changed the cause of action from one ex delicto to one ex contractu? The answer to this question involves the construction of section 318, Comp. Stat. 1921, which provides, among other things, that the court may, before or after judgment, in furtherance of justice, amend any pleading when such amendment does not change substantially the claim or defense. Although the authorities are divided, this court has adopted the rule that such change may be made by amendment. In Z. J. Fort Produce Co. v. Southwestern Grain & Produce Co., 26 Okla. 13, 108 Pac. 386. Mr. Justice Hayes discussed the diversity of authority on this question, the tendency toward liberal construction, and called attention to the construction of said statute in the case of Culp v. Steers et al., 47 Kan. 746, 28 Pac. 987, just prior to the adoption of said statute by our territorial Legislature, and definitely committed this court to such construction, viz., that such amendment is permissible.

We are not passing upon the sufficiency of the original or the amended petition. The lower court held the original petition sufficient against the demurrer. If so, the amended petition was also good as against demurrer. Defendant owed the duty to the plaintiff not to injure him by wrongful suits. In the original petition plaintiff asked for his damages because of the alleged breach of this duty on the part of the defendant. In the amended petition, plaintiff complained of the same breach of duty and pleaded the several bonds which the defendant had executed in order to indemnify plaintiff against damages. Plaintiff did and could waive his causes of action against the sureties on the several bonds. There was a general identity in the transactions forming the causes of complaint in the original and, in the amended petitions. A judgment on either of said pleadings would be res adjudicata as to the other.

We are not passing upon the various questions suggested by counsel, such as the statute of limitations, as applied to any or all of these causes of action, whether exemplary damages may be allowed against the administrator, or whether a different measure of damages would apply under the amended petition. It is intended to decide only that the amended petition does not change substantially the claims of the plaintiff.

It does not appear from this record that the defendant would be prejudiced in any manner by the filing of said amended petition. The cause had not been assigned for trial. Defendant could have attacked said amended petition by motion, by demurrer or answer setting up all his defenses both legal and equitable. While, ordinarily, such motions to strike are largely in the discretion of the court, yet that discretion must be a legal discretion, and "to be exercised, in discerning the course prescribed by law according to legal principles. Motions to strike pleadings for any cause are not to be encouraged, and will be granted only in a clear case." See Turk v. Page et al., 68 Okla. 275. 174 Pac. 1081, and cases therein cited. It follows, since the amended petition was a permissible pleading, that the court erred in permitting the defendant to withdraw his answer and file motion to strike, and erred in sustaining such motion, and likewise erred in dismissing the cause.

Counsel for defendant, by brief, raised the question that the plaintiff did not obtain leave of court to file said amended petition. Since defendant did not move to strike said amended petition on the ground that it was filed without leave, but because it was a departure and thereby treated same as filed, and since said amended petition recites that it was filed by leave of court, this contention of defendant is not tenable.

It is ordered that this cause be reversed and remanded with directions to the trial court to vacate its orders dismissing same and striking said amended petition from the files, and that the cause proceed otherwise according to the course of the law.

By the Court: It is so ordered.