**PLANTERS COTTON & GINNING CO. et al. v. BLACKBURN.**

No. 11379—Opinion Filed July 24, 1923.

1. **Bailment — Duty to Preserve — Cotton Ginners.**

Where cotton ginners receive pay for ginning cotton, they are bailees for hire, and it is a necessary incident of such business to preserve the cotton for delivery to the owner, although they may not receive any compensation for the actual keeping thereof.

2. **Same—Ordinary Care—Failure to Use.**

Record examined, and held, that from the conduct of bailees it may be reasonably inferred, if not proven, that bailees failed to use ordinary care in preserving the bailment, under section 5206, Compiled Oklahoma Statutes 1921.

3. **Appeal and Error—Review—Finding of Court.**

If there is any evidence, including reasonable inference, tending to support the findings of the court where a jury is waived, the Supreme Court will not reverse for insufficient evidence.

1. **Bailment—Cotton Ginners — Limitation of Liability—Validity.**

A notice, "Don't leave your bale here," posted conspicuously over the exit of a cotton gin where all patrons may see it, does not relieve such ginners as bailees for hire, under said statute, from the duty to preserve the cotton after same is ginned, and such notice for such purpose is contrary to the public policy of this state, and therefore void.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Hughes County; John L. Coffman, Judge.

Action by D. W. Blackburn against Planters Cotton & Ginning Company et al. for loss of bale of cotton. Judgment for plaintiff, and defendant brings error. Affirmed.

N. A. Gibson, J. L. Hull, and T. L. Gibson, for plaintiffs in error.

Pryor, Stokes &. Carver and J. L. Skinner, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they apeared in the lower court. Plaintiff alleged that defendant Planters Cotton & Ginning Company owned a gin and operated same through defendant Breedlove, as its manager; that plaintiff delivered a load of seed cotton to defendants; that defendants ginned same and plaintiff paid defendants for that service; that two or three days thereafter plaintiff demanded said bale of cotton; that same was not produced but lost by the negligence of defendants.

Defendants admitted that they received and ginned the cotton; denied negligence, and that they owed any duty to safely keep the same. Defendants further alleged that it was their custom to deliver the cotton back to the owner immediately after ginning, and that they were not operating a warehouse; that they warned plaintiff then that they would not be liable for loss of cotton after ginning; that the cotton in controversy was lost after being set upon the yards by the negligence of plaintiff in failure to remove the same; that the defendants received no consideration for caring for the cotton.

The case was tried to the court, jury being waived. At the conclusion of plaintiff's testimony, defendants demurred thereto, which demurrer was overruled. At the conclusion of all of the testimony, defendants

moved the court for judgment in their favor, which motion was overruled. The court found that defendants were bailees for hire and negligent in the loss of said cotton, or permitting same to be lost, and rendered judgment against them for the value of the bale.

Defendants cover their assignments of error under the proposition that the evidence was not sufficient, as a matter of law, to warrant the judgment.

1, 2. The first contention made is that the evidence wholly fails to show any negligence on the part of the defendants and that the burden was on the plaintiff to show such negligence. Defendants, in their testimony, admitted that they received pay for bailing the cotton. Therefore, they became bailees for hire under section 5206, Compiled Oklahoma Statutes 1921, requiring them to use, at least, ordinary care to preserve the cotton.

In Vogel & Son v. Braudrick, 25 Okla. 259, 105 Pac. 197, it is settled that where the keeping of the cotton is a necessary incident of the business in which the keeper makes a profit, that this constitutes him a bailee for hire, although he may not have received compensation for the actual storage. We are clear that such keeping was a necessary incident of the business in this case.

Defendant Breedlove, the manager of defendant company, was asked, "What was done with this bale when it was turned out of the gin? He replied: "It was weighed and turned out on the platform, branded the bale, and from there it went out over on the ground off of the platform as we had limited space for cotton. When they were not right there to receive it, we had to roll it off on the ground." There was no claim made that the defendants appropriated this cotton to their own use and the evidence shows that they did not know what became of it after it was thus disposed of, and that defendants searched among their 75 bales and sought elsewhere to find it. A cotton ginner, bound under the statute to use at least ordinary care to preserve the cotton, cannot compel the farmer to wait around and catch his bale when rolled off on the ground. He cannot charge the farmer with negligence when the latter is not there to catch the bale, if same is lost by being thus rolled off and forgotten.

3. It is still the rule that where there is any evidence, including reasonable inference, tending to support the finding of the court where a jury is waived, this court will not reverse for insufficient evidence. Foreman v. Needles et al., 78 Okla. 105, 188 Pac. 1087; Arnold v. Gambrel, 64 Okla. 283, 167 Pac. 630; Gaines Bros. & Co. v. Citizens' Bank of Henryetta et al., 84 Okla. 265, 204 Pac. 112. If the foregoing evidence, and other circumstances in the case, do not show that defendants failed to use, at least, ordinary care in keeping this bale of cotton for about two days until the plaintiff called for it, such want of ordinary care can, at least, be inferred therefrom. Therefore this court cannot disturb the finding of the lower court that defendants negligently lost said cotton or permitted same to be lost. So far as this evidence shows, defendants almost kicked this bale off the gin platform and took no steps to preserve same and knew nothing of it thereafter. They did not give it the care which they did their own cotton, which, with two other bales of this plaintiff, were stored together on their yard near the gin.

4. We think it proper to notice one other contention made by defendants. The evidence shows that they had a placard bearing the legend, "Don't Leave Your Bale Here," nailed in a most conspicuous place, where the plaintiff must have seen it. Did this relieve them as bailees for hire? In Inland Compress Co. v. Simmons, 59 Okla. 287, 159 Pac. 262, this court held that a compress ticket, constituting a contract between the parties, which provided that the compress was not responsible for loss or damage by fire, flood, or other agencies unless caused by the willful act of gross negligence of the company, is against public policy of the state and void, and that a bailee for hire cannot be relieved thereby from statutory liability. A fortiori, we think said notice is contrary to public policy in this state and void, and that the defendants could not thereby relieve themselves of the duty imposed upon them by the statute as bailees for hire.

The parties in their briefs make strenuous contentions as to when a prima facie case is made against a bailee for hire and the shifting of the burden of proof as to negligence of defendants. We do not deem it necessary to consider these questions because, under the foregoing, the plaintiff maintained his burden of proof in any event. Judgment affirmed.

By the Court: It is so ordered.