## SOUTHERN SURETY CO. v. DOLESE BROS. CO.

No. 19975.   Opinion Filed May 12, 1931.

A. J. Follens, for plaintiff in error.

Tomerlin & Chandler and Troy Shelton, for defendant in error.

CLARK, V. C. J.   This action was commenced in the district court of Oklahoma county by the defendant in error, Dolese Brothers Company, a corporation, against plaintiff in error, Southern Surety Company, and Daugherty-Nichols-Wiggins, a copartnership, for the recovery of a balance due the defendant in error of $249.69 for material furnished Daugherty-Nichols-Wiggins on a contract for paving, etc., in the city of Wewoka, Okla.  The suit is based upon a statutory bond given pursuant to section 7486, C. O. S. 1921, executed by the contractor, Daugherty-Nichols-Wiggins, principal, and defendant Southern Surety Company, surety, for public work.  The bond is in the sum of $70,190.72 and recites that the principal and surety "bind ourselves, and each of us, our heirs, executors, administrators, successors and assigns, jointly and severally by these presents."  The bond further provides that said principal shall well and truly pay all indebtedness incurred for labor and material furnished for said construction of said street improvement district No. 5, mentioned and agreed upon in said contract, then and in that event this obligation shall be null.

Said Daugherty-Nichols-Wiggins, principal in said bond, had entered into a contract on the 23rd day of April, 1926, with the city of Wewoka for said paving, etc.; and that the work under said contract was performed and completed on September 29, 1926, and that there was a balance owing to the defendant in error, plaintiff below, for material furnished under said contract and bond in the sum of $249.69, together with interest thereon from August 3, 1926, until paid, at the rate of six per cent. per annum; and the plaintiff below prayed for judgment against the said Southern Surety Company and the said Daugherty-Nichols-Wiggins, a copartnership, for said sum and interest.

Thereafter, a dismissal of said action was filed as against the defendant Daugherty-Nichols-Wiggins, and the cause remained as against the defendant Southern Surety Company, and the defendant in error was granted permission to file an amended petition and did, on the 2nd day of May, 1927, file an amended petition as against the defendant Southern Surety Company, a corporation, and alleged the same allegations as in the original petition except that the contract of Daugherty-Nichols-Wiggins for the construction of said work, after the execution of the bond, had been assigned to Wiggins & Company, a corporation, and that said assignment was made with the knowledge, consent, and approval of the Southern Surety Company, and the assignee performed and completed the work, and the material was furnished to the assignee under the same contract and bond sued upon in the original petition; prayed for the same amount as in the original petition.

On the 12th day of September, a second amended petition was filed against plaintiff in error, based upon the same bond sued upon in the original and first amended petition, alleged the assignment of the original contract to Wiggins & Company, with approval of the Southern Surety Company (plaintiff in error), and alleged, further, a mistake was made in the original and first amended petition as to the name of the material furnished and as to the amount due for material furnished, and that the balance due under the contract and bond was $911.40; that through oversight and mistake the balance owing for stone was not included in the original and first amended petition; prayed for judgment for said amount with interest thereon from September 29, 1926, at six per cent. per annum.

On the 17th day of April, 1928, an agreed stipulation as to the facts was filed in the cause, which is, in substance, as follows:

(1) That the bond was executed by Daugherty-Nichols-Wiggins, a copartnership, as principal, and Southern Surety Company, as surety.

(2) After the execution of said bond, and prior to the commencement of the construction of the work, under the contract referred to in said bond, the principal, Daugherty-Nichols-Wiggins, assigned their contract to do said work to Wiggins & Company; however, the Southern Surety Company denied that they knew of or approved said assignment.

(3) The contract was performed and completed by Wiggins & Company on September 29, 1926.

(4) It was agreed that on May 2, 1927, defendant in error dismissed its petition against the said Daugherty-Nichols-Wiggins and filed amended petition against Southern Surety Company for the same material set forth in the original petition, and for the same amount, and alleged that the material was furnished to Wiggins & Company.

(5) It was agreed that on September 12, 1927, more than six months after the completion of the work, plaintiff filed second amended petition herein against the Southern Surety Company alone, and alleged that the total amount of material furnished and used in the construction of the work under said contract was the amount of 2,128.35 tons of sand, and that the amount alleged in its original and first amended petition was 3,773,500 lbs. or 866.75 tons of sand was an error; and that in addition the plaintiff had furnished 516 tons (2,000 lbs. each) of stone, which was used in said work, and that through oversight and mistake the said

tons of stone were not included in the original and first amended petition.

(6) It was agreed that the purchase price of the sand was $3,405.36 and the agreed price of stone was $1,136.85. The total price of sand and stone used and incorporated in said work was the sum of $4,542.21, and the total amount of credits—cash and freight —on sand and stone was $3,630.81, and that the balance due and unpaid was $911.40, with interest at the rate of six per cent. from completion of the work, September 29, 1926, until paid.

(7) It was agreed that the sand and stone referred to in the second amended petition were used and incorporated in said work under the contract referred to in the bond sued on and that the purchase price and credits are correctly set forth in said amended petition.

On the 28th day of May, 1928, all parties waived a jury and submitted the case upon the pleadings and the entire record and orders, and stipulation of agreed statement of facts and the deposition of T. E. Wiggins, which deposition was, in substance:

That he was a member of the firm of Daugherty-Nichols-Wiggins, a copartnership, that he took the contract in regard to street improvement district No. 5 of the city of Wewoka, and that the Southern Surety Company wrote the bond, and the partnership made assignment to the Wiggins Company, and sold the contract to do the work to Wiggins & Company, and the assignment was made after the execution of the contract and bond; and that he went to O. A. Wells, one of the general agents in Oklahoma for the Southern Surety Company and who was also vice president of said company, and discussed the transfer with him, and asked him if it was necessary to have some kind of agreement or something from Southern Surety Company, and he said it was not— to go right ahead. Wells understood that Wiggins & Company was going to finish the contract. That he, the witness, notified the city officials while they were in session of the assignment, and the engineers were present.

Judgment was rendered in said cause for the defendant in error and against the plaintiff in error in the sum of $911.40, together with interest thereon at the rate of six per cent. per annum from September 29, 1926. Motion for new trial was filed and overruled, and plaintiff in error brings the cause here for review.

The plaintiff in error contends that the causes of actions, pleaded in the two amended petitions, constitute a departure from

those pleaded in the original petition; and

That the facts pleaded in the two amended petitions constituted a misjoinder of causes of action and misjoinder of parties from those pleaded in the original petition; and

That the cause of action pleaded in the two amended petitions was barred by the statute of limitations; and

That the increased amount sued for in the second amended petition was barred by the statute of limitations.

The original petition and the two amended petitions were each based upon the same bond and contract, and for materials that went into the construction of the work contracted for and covered by the bond. In the original petition the principal on the bond was joined in the suit, and afterwards the suit was dismissed against the principal (the contractors), and the first and second amended petitions were against the surety, the plaintiff in error, and alleged that the material was furnished to the assignee of the principal on the bond, and the assignment of the contract was made with the approval of the surety. The second amended petition included a balance owing for sand and stone, while the first two petitions asked for balance owing for sand alone.

The liability of the principal and surety on a contractor's bond, executed to the state of Oklahoma pursuant to section 7486, C. O. S. 1921, is joint and several, and a separate action may be maintained by the materialman against the surety upon the undertaking; that said action may be maintained against the surety without joining the principal.

In the case of Federal Surety Co. v. St. Louis Structural Steel Co., 111 Okla. 208, 239 Pac. 154, the second paragraph of the syllabus reads as follows:

"The liability of the principal and surety on the builder's bond executed and delivered to the state of Oklahoma pursuant to section 7486, C. O. S. 1921, is joint and several, and a separate action may be maintained by the materialman against the surety upon the undertaking."

In the case of Fidelity & Deposit Co. of Maryland v. N. S. Sherman Machine & Iron Works, 62 Okla. 29, 161 Pac. 793, this court, in the syllabus, said:

"By virtue of sections 969 and 4694, R. L. 1910, an action may be mantained against a surety for hire on a bond, given pursuant to section 3881, without joining the principal."

Changing the allegation of the original petition, wherein it was alleged that the material was furnished to the contractor, the principal on the bond, to read that the material was furnished to the assignee of such contractor, did not constitute a departure, and the amendment related back to the date of the filing of the original petition. The amended petitions declare upon the same written contract. The surety was liable for the material that went into the contract. The amendment did not change the identity of the transaction.

In the case of Hodges v. Alexander, 94 Okla. 122, 220 Pac. 927, in the first paragraph of the syllabus, this court said:

"Plaintiff sued the defendant, ex delicto, on several causes of action for damages growing out of alleged wrongful suits brought by defendant against plaintiff. Thereafter plaintiff filed an amended petition, ex contractu, for the same alleged wrongs, but declared upon the statutory bond in each cause of action given by defendant to indemnify plaintiff. Held, that said amended petition did not change, substantially, the claims of plaintiff, and was not a departure."

In the case of Johnson v. Render, 132 Okla. 169, 270 Pac. 17, in the second paragraph of the syllabus, this court said:

"An amended petition which contains no new cause of action, but merely restates in a different form, more specifically, the same cause of action set out in the former petition, is not a new suit, and the amended petition will be held to relate back to the filing of the former."

The liability of the surety on a bond given pursuant to section 7486, C. O. S. 1921, is not destroyed for materials furnished in the course of the construction of the work by the assignment of the contract to a third party.

In the case of Fuller et al. v. Brooks, 117 Okla. 252, 246 Pac. 369, in the first paragraph of the syllabus, this court said:

"One who enters into a contract with the Highway Department of the state of Oklahoma to construct a public road, and executes a builder's bond pursuant to section 7486, C. O. S. 1921, does not destroy the liability of the bond for materials furnished in the course of the construction of the work by assigning the contract for the construction of the project to a third party."

There was but one cause of action and that for the price of material that went into the construction of the work, and the increased amount sued for in the second amended petition was not barred by the statute of limitations.

Section 7487, C. O. S. 1921, provides:

"Such bond shall be filed in the office of the clerk of the district court of the county

in which such public improvement is to be made or such public building is to be erected; and any person to whom there is due any sum for labor or material furnished, as stated in the preceding section, or his assigns, may bring an action on said bond for the recovery of said indebtedness: Provided, that no action shall be brought on said bond after six months from the completion of said public improvements or public buildings."

In the case of Lantry Contracting Co. v. Atchison, T. & S. F. Ry. Co. (Kan.) 172 Pac. 527, in the seventh paragraph of the syllabus, the court said:

"The several breaches of the entire contract upon which the action was brought. constitute only a single cause of action, and an amendment to the petition made more than five years after the tunnel was finished setting up an additional item furnished under the contract is not barred by the statute of limitations."

In the case of Armstrong et al. v. May et al., 55 Okla. 539, 155 Pac. 238, in the second paragraph of the syllabus, this court said:

"An amended petition which contains no new cause of action, but merely an enlarged claim for damages arising from the same act mentioned in the original petition, is not subject to demurrer because the same shows on its face that the claim is barred by statute of limitations; but the amended petition will be held to relate back to the filing of the action and defeat the operation of the statute."

The second amended petition was based upon the original bond and contract; the material sued for went into the construction of the public improvement covered by the bond; that material went to the assignee of the original contractor, principal on the bond; there was no dispute as to the amount owing. The item of stone included in the second amended petition was material that went into the construction of the work and had not been paid for, and was for material covered by the bond, and related back to filing of the original petition and was not barred by the statute of limitations. The judgment of the trial court is affirmed.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY and HEFNER, JJ., absent.