### ENGLISH v. TRADERS COMPRESS CO.

No. 22003.   March 20, 1934.

Rehearing Denied April 10, 1934.

Frank Petree, for plaintiff in error.

Ames, Cochran, Ames & Monnet and W. C. Austin, for defendant in error.

PER CURIAM.   J. L. English, plaintiff in error, plaintiff below, on the 9th, 21st, 24th, and 25th of October, 1924, delivered to the Traders Compress Company, a corporation, defendant in error, defendant below, seven bales of cotton for storage. At the time of delivery, English received compress receipts for the cotton, which receipts provided that "the cotton would be delivered to the holder of the receipt on the return thereof and the payment of all charges," but that the compress company was "not responsible for loss by damage, fire, flood or other agencies, unless caused by the willful or gross negligence of the company." When the compress company received the cotton, it stored it in compartment No. 6 of its warehouse.

On the night of October 25, 1924, the cotton was destroyed by fire. The plaintiff demanded the return of the cotton, offered to surrender the compress receipts, and to pay all charges for storage, etc., as provided in the receipts. The return being refused, the plaintiff, on the 4th day of October, 1929, brought action in the district court for $754.-53, the value of the cotton, and for the interest on said amount.

The plaintiff introduced evidence to show that he delivered the cotton to the compress company, that the company received the cotton for storage and agreed to return it to plaintiff upon surrender of the receipts and payment of all charges, and that the plaintiff had demanded the return of the cotton, and had offered to surrender the receipts to the company and to pay the company all charges.

The compress company introduced evidence which was undisputed that the warehouse and all the compartments thereof were properly constructed to prevent fire; that the boilers where oil was used for fuel were surrounded by fire walls; that the fire fighting apparatus was the best that could be had at the time for extinguishing fires; that fire plugs were located about the warehouse and the premises at such places and in sufficient number to meet the most approved methods; that the company had two nightwatchmen to patrol the premises; that the nightwatchmen were on duty and were alert before and at the time the fire started; that one

of the watchmen discovered the fire when it was a very small flame, gave the alarm, and that all was done by the company and its employees and by the fire department of the city that could have been done. The evidence introduced by the defendant company was that the defendant company used such care and diligence as an ordinarily prudent person would use with his own cotton. The plaintiff failed to introduce any evidence to offset or refute the evidence of the defendant, but rested his case. Thereupon the trial court directed the jury to return a verdict for the defendant.

1. The plaintiff contends that the trial court committed error in directing the jury to return a verdict for the defendant. It is his contention that it was a question for the jury to determine as to whether or not the defendant's evidence was sufficient to overcome and destroy the prima facie case made by the plaintiff.

It is true that when the plaintiff introduced his evidence showing that he delivered the cotton to the compress company; that the company received the cotton for storage, and agreed to return it to plaintiff upon surrender of the receipts and the payment of all charges, and that the plaintiff had demanded return of the cotton, offered to surrender the receipts, and to pay all charges, and that the defendant had failed or refused to return the cotton, the plaintiff had made a prima facie case against the defendant. The burden was then upon the compress company to excuse its failure to return the cotton to the plaintiff. It was incumbent upon the defendant to show that the cotton had been destroyed by fire and that it had used such care and caution to prevent the loss or destruction by fire as a reasonably careful person would use with his own cotton to prevent it from being destroyed by fire. Traders Compress Co. v. Precure, 140 Okla. 40, 282 P. 165.

The prima facie case made by plaintiff against the defendant was the creation of a legal presumption against the defendant; that is, a presumption which imposed upon the defendant against whom it was invoked, the duty of offering evidence as to the facts. In the absence of such evidence, the jury would have been compelled to reach a conclusion in accordance with such presumption. Stumpf v. Montgomery, 101 Okla. 257, 226 P. 65.

2. When the defendant introduced its evidence showing that it had used reasonable care to prevent the loss or the destruction of the cotton by fire, and the plaintiff failed to introduce any further testimony, the defendant had discharged its burden, and the prima facie case, or legal presumption against it, had been destroyed. The plaintiff was then in the same position as if he had introduced no testimony. The burden of the evidence had been cast back upon him, and he failed to meet or carry such burden.

Plaintiff insists that the doctrine announced in the case of Traders Compress Co. v. Precure, supra, is to the effect that it is a question for the jury to decide as to whether or not the defendant had overcome the prima facie case made against it by the plaintiff. But the facts in the Precure Case, supra, are quite different from the facts in the instant case. In the Precure Case the plaintiff introduced evidence tending to contradict the defendant's testimony of proper care, and tending to show that the defendant had failed to use ordinary care to prevent the destruction of the cotton by fire, but, in the instant case, we have no such testimony from the plaintiff.

In the case of Stumpf v. Montgomery, 101 Okla. 267, 226 P. 65, this court said:

"A presumption cannot in itself possess probative weight, but merely necessitates evidence to meet the prima facie fact which it creates. When evidence is introduced rebutting the presumption, the presumption disappears, leaving in evidence the basic facts which are to be weighed. * * *

"The presumption, with which we are here dealing, is a legal presumption as distinguished from an inference or presumption of fact. Its existence imposed on the party, against whom it was invoked, the duty to offer evidence as to the facts. In the absence of such evidence, the jury would have been compelled to reach a conclusion in accordance with such presumption, but the party against whom the presumption was invoked having offered evidence to the contrary, the presumption disappeared, and it was then necessary to determine the case in accordance with the facts and the reasonable inferences to be drawn therefrom, without regard to the legal presumption which had existed prior to the introduction of the evidence as to the particular fact covered by the presumption."

And in 22 C. J. 156, par. 88, it is said:

"It has been said that a presumption cannot, in itself, possess probative weight, but merely necessitates evidence to meet the prima facie case which it creates; that when the function of a presumption of law sustaining the burden of evidence is ended by the introduction of rebutting testimony, the presumption of law disappears, leaving in evidence the basic fact, which still retains

its probative force and is capable of being weighed against other facts, that that a presumption of fact becomes inoperative when the actual facts are disclosed."

3. So we see that when the legal presumption against the defendant has been destroyed and the defendant having introduced evidence which is uncontradicted, showing that it used ordinary care, such as a prudent person would use under the same or similar circumstances to prevent the loss or destruction of his own property, the onus probandi is shifted from the defendant to the plaintiff, and the burden is then upon the plaintiff to come forward with some testimony tending to show that the defendant's testimony is untrue, or that defendant did not use proper care.

4. When the onus probandi is on the plaintiff and he fails to introduce any evidence to shift the burden upon him, the issue must be found against him, and the court should direct a verdict against the one having the onus probandi. 46 C. J. 1107, note 85.

Judgment affirmed.

The Supreme Court acknowledges the aid of District Judge Arnett, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.