## CHICKASHA COTTON OIL CO. v. MARKUM.

No. 22450. Oct. 2, 1934.

Rehearing Denied Oct. 23, 1934.

Application for Leave to File Second Petition for Rehearing Denied Nov. 13, 1934.

W. C. Austin, Robert B. Harbison, and W. B. Garrett, for plaintiff in error.

Herman S. Davis, for defendant in error.

McNEILL, J. This case involves an action to recover damages against a ginning company for failing to redeliver cotton which had been left with the company for ginning.

Plaintiff alleges the delivery of the cotton in the seed to the ginning company for ginning and the failure, neglect and refusal to redeliver the same except the rebate and the seed contained in said cotton.

The defendant by its answer asserts that the cotton was voluntarily left on the premises, and that the company neither assumed nor retained any contractual or other liability with reference thereto; and also that said cotton was at all times under the control and subject to plaintiff's use and disposition.

Said company also pleads an affirmative defense in that by reason of an unavoidable casualty said cotton gin was destroyed by fire, and that the property of plaintiff voluntarily left upon its premises was destroyed by fire without any fault or neglect on the part of said defendant company.

The issues were tried before a court and jury; judgment was rendered in favor of the plaintiff, and an appeal has been duly perfected for our consideration.

The delivery of the cotton is admitted; also its weight and market value on the date of deliverance, and that the defendant company has failed, neglected, and refused to return the cotton received by it to the plaintiff. This court has heretofore analyzed the relationship existing between a cotton ginner and its patrons delivering cotton in the seed for ginning in the following cases: Planters Cotton & Ginning Co. v. Blackburn, 92 Okla. 15, 217 P. 395; Traders Compress Co. v. Precure, 140 Okla. 40, 282 P. 165; and the recent case of English v. Traders Compress Co., 167 Okla. 580, 31 P. (2d) 588.

In the case of Planters Cotton Ginning Co. v. Blackburn, supra, this court in the syllabus announced the general rule relative to the cotton ginner in its duty to preserve the cotton for delivery to the owner as follows:

"Where cotton ginners receive pay for ginning cotton, they are bailees for hire, and it is a necessary incident of such business to preserve the cotton for delivery to the owner, although they may not receive any compensation for the actual keeping thereof."

In the case of Traders Compress Co. v. Precure, supra, this court said:

"The rule in this state, as indicated by the cases above referred to, is that the bailor must prove delivery to the bailee and his refusal to return as required by contract of bailment. The burden is then on the bailee to prove that he has not converted the property, and this he may do by showing its loss and the manner of its loss; but by the manner of loss is meant, not only the isolated fact of destruction by fire, or loss by theft, or otherwise, but the circumstances connected with the origin of the fire or other cause of loss or injury as far as known to the bailee, and the precautions taken to prevent the loss or injury. From these facts, coupled with any testimony on the subject the bailor may introduce, it is for the jury to say whether the bailee was negligent."

A great deal of urgence relative to the shifting of proof is set forth in the brief of counsel for the company. We need not be concerned with this proposition and the force and effect of section 1130, C. O. S. 1921, involving the Warehouse Receipt Act, which imposes upon the warehouseman the burden to establish the existence of a lawful excuse for the refusal to deliver the goods in compliance with the demands of the holder or depositor of the goods. When the plaintiff established the delivery of the cotton in question and the failure of its redelivery, a prima facie case was established. The defendant pleaded an affirmative defense. The plaintiff joined issues thereon by his reply.

It appears to be one of the contentions of the company that the prima facie case made by the plaintiff was met by positive and uncontroverted proof on the part of the ginning company which excused the nondelivery of the cotton, and that upon such a showing the presumption of negligence arising from a prima facie case disappeared; that when no further evidence was introduced by the plaintiff tending to show negligence or lack of due care on the part of the defendant company, there was nothing for the jury to consider, and it was error on the part of the trial court to submit the case to the jury.

The ginning company requested the court to direct a verdict in its favor. The trial court refused. No objection or exceptions were taken to any of the instructions submitted to the jury. Had the record showed an absence of proof on the question of want of ordinary care in preserving the bailment, such that reasonable men could not differ in the inferences or conclusions which might be drawn therefrom, then no issue of fact would have been raised on said affirmative defense, and it would have become the duty of the trial court to direct a verdict in the instant case. As we view this record, there was ample evidence to submit this affirmative defense to the jury. There is evidence to the effect that proper and necessary precautions to prevent fire had not been taken by reason of failure to keep the gin cleaned up, and that the ginning company had permitted the cotton to be deposited in close proximity to the gin, whereas formerly the cotton yard had been placed about 100 feet from the gin. The evidence warranted the submission of the issues to the jury. No prejudicial error is shown by the record.

Judgment affirmed.

RILEY, C. J., CULLISON, V. C. J., and OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. SWINDALL and ANDREWS, JJ., absent.