## CHICKASHA COTTON OIL CO. v. RADNEY.

No. 24808.    May 21, 1935.

W. C. Austin, Robert B. Harbison, and W. B. Garrett, for plaintiff in error.

W. M. Williams and J. E. Sasseen, for defendant in error.

PER CURIAM. This case presents an appeal from the district court of Greer county. The parties will be referred to as they appeared in the lower court. The action was brought by plaintiff to recover from the defendant the value of twelve bales of cotton. The material facts are undisputed. During the year 1928 the defendant was the owner and operator of a cotton gin in the town of Hester, Greer county, Okla., and also engaged in buying and selling cotton, and maintained a cotton yard upon its premises where its own cotton and that of its customers was kept after ginning. From October 8th to October 23d, plaintiff had brought cotton to defendant's gin where it had been ginned and placed in the yard with cotton belonging to the defendant and other customers. On the night of October 24, 1928, defendant's gin burned, and plaintiff's 12 bales of cotton were destroyed by the fire, to recover the value of which, amounting to $1,287.80, this action was brought.

The cause was tried to a jury which returned a verdict for the plaintiff for the full amount, upon which judgment was entered. Motion for new trial was overruled, and defendant brings the action here for reversal, urging, first, that plaintiff's action to recover was barred by the statutes of limitation, and, second, that plaintiff having alleged negligence, burden was on plaintiff to prove negligence, and when the defendant admits delivery of the cotton, its value, demand for its return and refusal thereof, and plaintiff introduces no evidence tending to show negligence on the part of the defendant, defendant is entitled to a verdict in its favor; that defendant met with competent evidence the burden of proving due care of plaintiff's cotton, in that it took the same care of plaintiff's cotton as it did its own, and that its own cotton of like kind and value was destroyed, thereby repelling any presumption of negligence, and that plaintiff cannot recover for the alleged negligence of defendant in the care of plaintiff's cotton where it is made to appear that the exact thing agreed to be done with the property was done, and that the defendant gave to the property the exact care agreed upon by the parties.

The greater portion of plaintiff's brief is directed to the point that plaintiff's action was barred by the statute of limitation. Plaintiff commenced his action against the defendant on January 18, 1929, less than three months after the destruction of the cotton. He sought to charge defendant with liability for this cotton on the ground that

defendant was a bailee for hire, charged with a duty to use due diligence and care in preserving the same from damage, but with gross disregard of its duties the defendant negligently permitted plaintiff's cotton to be destroyed; that the negligence consisted of storing the cotton in the yard in close proximity to the gin. After issues were joined on this petition, and on November 14, 1931, plaintiff filed his first amended petition, in which he pleaded a simple action of contractual bailment, alleging delivery, demand, failure to return the cotton involved, and asked for judgment for the same amount prayed for in the original petition. On the filing of a motion to require an election as to whether the first amended petition is intended as an amendment to the original petition or is intended to state a new, definite and independent cause of action, plaintiff requested permission to file a second amended petition, which was, over objection of the defendant, permitted by the court, and on January 14, 1932, plaintiff's second amended petition was filed, which again pleads, in practically the same language as the first amended petition, an action of contractual bailment, with a further statement in his pleading, as follows:

"Plaintiff further states that he does not know but has been informed and believes that said cotton so delivered to defendant was, on the night of the 24th of October, 1928, destroyed by fire by reason of the negligence of defendant in placing same near its gin at Hester, Okla., at the time said gin was destroyed by fire, and is not in position to redeliver same, or any part thereof; that by reason of said duty of defendant to return said cotton, and its failure to do so, and its negligence in allowing and causing same to be destroyed by fire, as above stated, if same was so destroyed by fire, placing defendant in such position as to be unable to return same, plaintiff has been damaged in the amount of the value of said cotton, to wit, the amount of $1,287.80," etc.

Defendant filed a motion to strike this second amended petition, on the ground that it was an attempt to avoid the statute of limitation, and that it was not an amendment to, but a departure from, the cause of action set forth in the first amended petition, which motion was by the court overruled, and defendant then filed a motion to require election as to whether or not plaintiff would rely upon his action in tort or his action on contract and bailment, and the court overruled this motion, find-

ing that the action as set forth in the second amended petition was an action on the contract. Issue was finally joined on the second amended petition, and at the opening of the trial defendant's attorney stated that for the purpose of the case the defendant admitted that on the dates and at the times in question it was engaged in the cotton ginning business at Hester; that plaintiff brought his cotton to defendant's gin, as alleged, and after ginning it was left on the premises, and was of the value stated in the petition; that it was not returned to the plaintiff because of its destruction by fire, and that it had not paid the value thereof to the plaintiff. Counsel then stated:

"Having, for the purpose of this case only, admitted these facts, the defendant hereby assuming the burden of excusing itself for nondelivery, demands the right to open and close the case"

—to which demand the court acceded.

The defendant vigorously urges that as the first petition attempted to charge the defendant in tort, and the first and second amended petition attempted to charge the defendant in contract, the amended petition states a new cause of action, and having been filed more than three years after the cause of action arose, it is barred by the statute of limitation.

It is apparent that plaintiff was somewhat confused as to his rights, whether they should be founded on tort or contract, but, regardless of whether the suit was based on tort or upon contract, both the original petition and the second amended petition declare upon the same claim or cause of action. It was sought to recover by both pleadings only one claim, that of the value of twelve bales of cotton.

In the case of Z. J. Fort Produce Co. v. Southwestern Grain & Produce Co., 26 Okla 13, 108 P. 386, this court held:

"The original petition having been filed within proper time, the cause of action was not barred, although the amended petition was not filed until after the expiration of two years from the discovery of the fraudulent acts complained of."

In the case of Hodges v. Alexander, 94 Okla. 122, 220 P. 927, the court held:

"Plaintiff sued the defendant, ex delicto, on several causes of action for damages growing out of alleged wrongful suits brought by defendant against plaintiff. Thereafter plaintiff filed an amended peti-

tion, ex contractu, for the same alleged wrongs, but declared upon the statutory bond in each cause of action given by defendant to indemnify plaintiff. Held, that said amended petition did not change, substantially, the claims of plaintiff, and was not a departure."

The court further held in this case that where the amended petition is a permissible pleading and the defendant is not ·prejudiced, the sustaining of a motion to strike would be error. See, also, Montgomery Ward & Co. v. Pittsburg Mortgage Investment Co., 162 Okla. 24, 18 P. (2d) 1055; Boake v. City of Anadarko, 151 Okla. 115, 2 P. (2d) 941; Myers v. First Presbyterian Church of Perry, 11 Okla. 544, 69 P. 874; Southern Surety Co. v. Dolese Bros. Co., 149 Okla. 31, 299 P. 211; Johnson v. Render, 132 Okla. 169, 270 P. 17; Shipley v. City of Lawton, 51 Okla. 575, 152 P. 119; Stone v. Case, 34 Okla. 5, 124 P. 960.

Section 251, O. S. 1931, provides that the court may, in the furtherance of justice, amend any pleading "when such amendment does not change substantially the claim or defense." And section 106, O. S. 1931, provides that if any action be commenced within due time and plaintiff fails in such action otherwise than upon the merits, and the time limited for the same shall have expired, plaintiff may commence a new cause within one year after such failure.

It would be a rather unusual situation, and most unnatural construction of these statutes, to hold that a party could dismiss his action and have a year within which to refile it and not be barred by the statute of limitation, but if he amended his petition without dismissal he would be barred. The trial court did not err in permitting the amendment and proceeding to trial on the second amended petition.

The other proposition urged by defendant in error is, briefly, that defendant was not liable to plaintiff for the destruction of his cotton on the showing that the same had been lost through no fault of the defendant, and that plaintiff introduced no evidence to show negligence on the part of the defendant. This question of negligence was properly submitted to the jury under instructions which were not complained of, and the parties in this case are bound by the law as announced by this court in the recent case of Chickasha Cotton Oil Co. v. Markum, 169 Okla. 427, 36 P. (2d) 946. It can be said in this case, as was said in the Markum Case, that there was ample evidence to submit the affirmative defense made by the defendant to the jury. There is evidence that proper precautions were not taken to prevent a fire; that no watchman was employed at the time of the fire, and that the defendant permitted the cotton to be deposited in close proximity to the gin, and that there had formerly been a cotton yard about 100 feet from the gin and across the road. This evidence warranted submission of negligence to the jury, and the holding of the court in the Markum Case is applicable here, wherein it is said:

"The delivery of the cotton is admitted, also its weight and market value on the date of deliverance, and that the defendant company has failed, neglected, and refused to return the cotton received by it to the plaintiff, This court has heretofore analyzed the relationship existing between a cotton ginner and its patrons delivering cotton in the seed for ginning in the following cases: Planters' Cotton & Ginning Company v. Blackburn, 92 Okla. 15, 217 P. 395; Traders Compress Company v. Precure, 140 Okla. 40, 282 P. 165, 168, 71 A. L. R. 759, and the recent case of English v. Traders' Compress Co., 167 Okla. 580, 31 P. (2d) 588.

"In the case of Planters' Cotton & Ginning Co. v. Blackburn, supra, this court in the syllabus announced the general rule relative to the cotton ginner in its duty to preserve the cotton for delivery to the owner as follows: 'Where cotton ginners receive pay for ginning cotton, they are bailees for hire, and it is a necessary incident of such business to preserve the cotton for delivery to the owner, although they may not receive any compensation for the actual keeping thereof.'

"In the case of Traders' Compress Co. v. Precure, supra, this court said: 'The rule in this state, as indicated by the cases above referred to, is that the bailor must prove delivery to the bailee and his refusal to return as required by the contract of bailment. The burden is then on the bailor to prove that he has not converted the property, and this he may do by showing its loss and the manner of its loss; but by the manner of loss is meant, not only the isolated fact of destruction by fire, or loss by theft or otherwise, but the circumstances connected with the origin of the fire, or other cause of loss or injury as far as known to the bailee, and the precautions taken to prevent the loss or injury. From these facts, coupled with any testimony on the subject, the bailor may introduce, it is for the jury to say whether the bailee was negligent.'"

The judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Alvin Richards and H. W. Randolph in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Alvin Richards, and approved by Mr. H. W. Randolph, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.