WARREN v. FARMERS CO-OPER-ATIVE ASS'N.

No. 32446. Dec. 10, 1946.

*175 P. 2d 85.*

Frank Petree, of Altus, for plaintiff in error.

Robinson & Oden, of Altus, for defendant in error.

GIBSON, C. J. The parties to this appeal occupy the same relative position as in the trial court, and will be referred to herein as plaintiff and defendant, respectively.

Plaintiff's action is for a money judgment in the amount of $90, alleged value of a bale of cotton ginned by defendant for plaintiff and not delivered. The action was instituted by bill of particulars filed in justice court, and upon judgment for defendant therein it was appealed to district court, where it was tried de novo by the court without the intervention of a jury, resulting in judgment for defendant, from which this appeal is prosecuted. The ground of the alleged error is that the decision and judgment are contrary to the law and the evidence.

The cotton in question was ginned during the 1942 season. Plaintiff had been a patron of the gin for years previous to 1942, and the rule of practice that obtained was that defendant after ginning the cotton would transport the bales to a compress located at Altus, Okla., and take compress tickets therefor which were delivered to plaintiff. With the beginning of the 1942 ginning season the same policy was pursued for a short period until the compress, on account of being filled, placed an embargo on receiving cotton except at times and then in such quantities as the space made available by outgoing cotton would accommodate. The rule adopted by the defendant, by reason of the situation, was to notify its patrons of the situation when they brought cotton to be ginned, and further that if the bales were not taken by owners the same would be placed on a vacant lot across the street from the gin. The plaintiff did not take any of his bales from the gin or give any specific instructions with reference thereto. There was ginned for him 40 or 50 bales which were placed in the vacant lot, and from time to time bales would be transported to the Altus compress and the tickets therefor were at intervals delivered to the plaintiff. After close of the season plaintiff discovered there had been delivered to him no compress ticket for one of the bales ginned, and it is the loss of such bale that is the basis of this action.

The issues and their determination

are clearly reflected in the following findings of the trial court:

"By the Court: It is the court's opinion in this case, and it is agreed, it was the policy of this gin to carry the cotton to Altus to the compresses. They were doing it as a voluntary concession to the customers; it wasn't a contract. The evidence showed it was not. It was just a voluntary act which they could discontinue any time on notice; of course, they couldn't without notice, but they did give notice that on account of this embargo they couldn't deliver the cotton as they had been delivering it.

"The court is of the opinion that the plaintiff knew this. In fact, he admits it on the stand he had this notice. He was bound, under the circumstances, to take notice that his cotton would be set out there in the yard. As a reasonable man, he undoubtedly knew there would be considerable risk of the cotton either being destroyed by fire or stolen. The court is persuaded in this belief by the number of farmers who took out insurance on the cotton to protect themselves against loss. That is undoubtedly why the gin gave this notice, to enable the customers to protect themselves. They had no place to put the cotton.

"The court is of the opinion in this case the only way the plaintiff, under the facts of this case, could recover, would be to show some negligence on the part of the gin company in handling this cotton. I believe he would have to prove negligence, and there is absolutely no negligence shown.

"He evidently proceeded in this case on the theory that they were bound to take this cotton, as they had been doing in the past, to Altus to the compress and have the compress receipts delivered to them. That's evidently the theory of this case. And I don't believe you can recover on that theory. I don't think the facts bear you out. I think there would have to be some showing of negligence.

"Mr. Petree: We don't allege negligence. We just allege failure."

."The Court: I don't think under the facts he is entitled to recover on that theory because he had notice.

"The Court: There is a lot of question in the case but I believe that's the only way you can recover in this case is to show an act of negligence in the loss of that bale of cotton."

Consistently with the position taken in the trial court, plaintiff relies upon and quotes the following from Merchants Southwest Transfer & Storage Co. v. Campbell, 100 Okla. 226, 229 P. 542:

"Where chattels are delivered to the bailee in good condition and are returned in a damaged state, or are lost or not returned at all, the law presumes negligence to be the cause and casts upon the bailee the burden of showing that the loss is due to other causes consistent with due care on his part."

And defendant contends that the basis for the quoted doctrine does not obtain under the facts and that the issue is controlled by English v. Traders Compress Co., 167 Okla. 580, 31 P. 2d 588, wherein we said, in effect, that when bailor fails to introduce any evidence establishing negligence of bailee resulting in loss of goods after legal presumption of negligence has been destroyed, court should direct verdict against bailor.

It is evident from the quoted findings the trial court held the doctrine of the latter case applicable and controlling. The trial court did not err in its interpretation of the applicable legal principles, and inasmuch as there is evidence to support each of the material facts found by the court, the case is not subject to reversal for insufficient evidence. Planters Cotton & Ginning Co. v. Blackburn, 92 Okla. 15, 217 P. 395.

Judgment affirmed.

HURST, V.C.J., and RILEY, OSBORN, DAVISON, and ARNOLD, JJ., concur